■ VICTOR LATIUK et al., Respondents, v FABER CONSTRUCTION Co., INC., Appellant. [703 NYS2d 645] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages allegedly resulting from the defective design and construction of their new home. Plaintiffs concede that defendant is entitled to summary judgment dismissing the first two causes of action, alleging breach of contract and breach of the common-law housing merchant implied warranty, in light of *Fumarelli v Marsam Dev.* (92 NY2d 298, 302). Contrary to defendant's contention, neither *Fumarelli* nor General Business Law § 777-b requires dismissal of the third cause of action, alleging breach of the statutory housing merchant implied warranty (*see,* General Business Law § 777-a). The statutory housing merchant implied warranty may be excluded or modified by the builder of a new home only if the buyer is offered a limited warranty that meets or exceeds the standards provided in General Business Law § 777-b (4) and (5) (*see,* General Business Law § 777-b [3] [d]; *see also,* General Business Law § 777-a [5]). The Express Limited New Home Warranty signed by plaintiffs, however, contains no provision disclosing "what [defendant] * * * will do when a defect covered by the warranty does arise, and the time within which [defendant] * * * will act" (General Business Law § 777-b [4] [f]). Because the Express Limited New Home Warranty fails to meet the standards provided in General Business Law § 777-b (4) (f), defendant may not rely upon the shortened warranty period (*see, Mindich Developers v Milstein,* 227 AD2d 536, 537; *cf., Wowaka & Sons v Pardell,* 242 AD2d 1, 6).

The court properly denied that part of defendant's motion seeking summary judgment dismissing the fifth cause of action, alleging violation of General Business Law § 349. Plaintiffs presented sufficient evidence to make a threshold showing that defendant engaged in consumer-oriented conduct that was deceptive or misleading in a material way and that plaintiffs were injured thereby (*see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25-26; *B.S.L. One Owners Corp. v Key Intl. Mfg.,* 225 AD2d 643, 644-645). Because the conduct alleged by plaintiffs does not evince a "high degree of moral turpitude" or demonstrate "such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Walker v Sheldon,* 10 NY2d 401, 405), plaintiffs' claim for punitive damages must be dismissed (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 613). If plaintiffs establish defendant's intent to defraud or mislead, however, they may be entitled to an award of treble damages up to $1,000 under General Business Law § 349 (*see,* General Business Law § 349 [h]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra,* at 26).

We have considered defendant's remaining contentions and conclude that they are lacking in merit. We modify the order, therefore, by granting in part defendant's motion and dismissing the first and second causes of action and the claim for punitive damages. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Green, A. P. J., Hurlbutt, Scudder and Lawton, JJ.