■ WENDY PELLEGRINO et al., Appellants, v CHARLES A. SALZBERG et al., Respondents. [705 NYS2d 293] —In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 19, 1999, which denied their motion to vacate an order of the same court, dated April 21, 1999, which *sua sponte* dismissed the complaint pursuant to CPLR 3126 (3) upon the plaintiffs' failure to comply with prior orders of the same court directing disclosure.

Ordered that the order is affirmed, with costs.

By order dated April 21, 1999, the Supreme Court *sua sponte* dismissed the complaint pursuant to CPLR 3126 (3) upon the plaintiffs' failure to comply with orders directing disclosure. In view of the plaintiffs' conduct, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to vacate that order (*see, Cauley v Long Is. R. R. Co.,* 234 AD2d 252; *Watson v Esposito,* 231 AD2d 512; *Kaplan v Elkind,* 208 AD2d 683). O'Brien, J. P., Ritter, Sullivan and Smith, JJ., concur.

■ DAVID B. PINKUS et al., Appellants, v V.F. BUILDERS, INC., Respondent. [705 NYS2d 283] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 23, 1999, which, upon an order of the same court dated March 4, 1999, granting the defendant's motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court that the cause of action to recover damages for breach of a limited warranty was properly dismissed since the plaintiffs failed to comply with the notice requirements of the limited warranty (*see,* General Business Law § 777-a [4] [a]; *Rushford v Facteau,* 247 AD2d 785, 786).

Since the limited warranty excluded any common-law implied warranty, the cause of action sounding in common-law breach of contract was properly dismissed (*see, Hirshorn v Little Lake Estates,* 251 AD2d 377; *Fumarelli v Marsam Dev.,* 238 AD2d 470, *affd* 92 NY2d 298).

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.