■ RENEE TAGGART et al., Appellants, v JOSEPH MARTANO et al., Respondents. [723 NYS2d 211] —In an action, *inter alia*, to recover damages for breach of warranty, the plaintiffs appeal from (1) an order of the Supreme Court, Richmond County (Lebowitz, J.), dated December 27, 1999, which granted the defendants' motion pursuant to CPLR 3211 to dismiss the complaint and for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered January 14, 2000, dismissing the complaint. The plaintiffs' notice of appeal from the order dated December 27, 1999, is also deemed a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order dated December 27, 1999, is dismissed; and it is further,

Ordered that the judgment is modified by deleting the provision thereof dismissing the second, third, fourth, fifth, sixth, and eighth causes of action insofar as asserted by the plaintiffs Renee Taggart, Alma Hammersly, Kathy Guarino, Amy Bondi, and Jacob Pepsin; as so modified, the judgment is affirmed, the branch of the motion which was to dismiss those causes of action is denied, the order dated December 27, 1999, is modified accordingly, and the second, third, fourth, fifth, sixth, and eighth causes of action insofar as asserted by these plaintiffs are reinstated; and it is further,

Ordered that the plaintiffs Renee Taggart, Alma Hammersly, Kathy Guarino, Amy Bondi, and Jacob Pepsin are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Between June 1996 and September 1996, the defendants, as builders and sellers, conveyed certain new homes to the plaintiffs. The plaintiffs subsequently commenced this action, *inter alia,* to recover damages for breach of warranty. The Supreme Court granted the defendants' motion to dismiss the complaint on the ground that the plaintiffs failed to give them the statutory notice required by General Business Law § 777-a.

The complaint was properly dismissed insofar as asserted by the plaintiff Fred Klein. Prior to commencing this action, Klein individually commenced an action against the defendants in Civil Court, Richmond County, to recover damages based upon the same allegations. After the defendants appeared in that action, the parties agreed to submit the claim to arbitration. After a hearing, the arbitrator made an award in Klein's favor. The award was confirmed, and the defendants paid Klein the full amount of the award. Thus, Klein is barred by the doctrine of res judicata from maintaining this action (*see, Matter of Carp [Van Tassel],* 234 AD2d 715).

The first and seventh causes of action, which seek to recover damages for alleged breach of implied warranties were also properly dismissed, as none of the remaining plaintiffs served the defendants with notice of the alleged defects (*see,* General Business Law § 777-a [4] [a]; *Fumarelli v Marsam Dev.,* 92 NY2d 298; *Rushford v Facteau,* 247 AD2d 785).

However, the remaining causes of action, insofar as asserted by the plaintiffs other than Klein, should not have been dismissed. The contract contained a provision that expressly guaranteed all materials and labor for a period of one year from the date of title closing, and the complaint sought to recover damages based on the defendants' breach of this contractual provision. Additionally, there are questions of fact which preclude summary judgment as to the remaining causes of action. S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.