In an action, inter alia, to recover damages for breach of warranty, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 24, 2002, as denied those branches of their motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first through sixth and eighth through tenth causes of action in the complaint based upon documentary evidence and for failure to state a cause of action.
Ordered that the order is modified by (1) deleting the provisions thereof denying those branches of the motion which were *425 to dismiss the ninth and tenth causes of action insofar as asserted against the defendants Watermill Development Corp. and Gordon Kessler and substituting therefor provisions granting those branches of the motion, (2) deleting the provisions thereof denying that branch of the motion which was to dismiss the eighth cause of action insofar as asserted against the defendant Gordon Kessler and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The Supreme Court properly denied those branches of the defendants’ motion which were to dismiss the first through fifth causes of action alleging breach of implied warranty. It is true, as the defendants contend, that the complaint must allege that before the commencement of the action, and within 30 days of the expiration period of the warranty, written notice of the claims was provided to them, and that the failure to allege compliance with this statutory condition precedent (see General Business Law § 777-a [4] [a]) is fatal to a cause of action to recover damages for breach of implied warranty (see Taggart v Martano, 282 AD2d 521 [2001]; see also Pinkus v V.F. Bldrs., 270 AD2d 470 [2000]). However, the defendants incorrectly contend that the complaint failed to meet this requirement.
On a motion to dismiss, “the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true” (Gruen v County of Suffolk, 187 AD2d 560, 562 [1992]). In paragraph 50 of the verified complaint in this case, the plaintiffs alleged that the “defendants failed to respond to plaintiffs’ written and oral complaints regarding the numerous instances of defective workmanship, defective materials, defective design, and defective installation and have refused to repair, replace, or restore same.” The alleged written complaints were timely made since they predated the verified complaint, which was dated long before the expiration of the warranty period.
The Supreme Court erred, however, in failing to dismiss the eighth cause of action alleging breach of contract insofar as asserted against the defendant Gordon Kessler. The evidence established that Kessler entered into the contract of sale, and the related contracts, in his corporate capacity as president of the defendant Watermill Development Corp. (see Madison Home Equities v Echeverria, 266 AD2d 435 [1999]; Gottehrer v Viet-Hoa Co., 170 AD2d 648 [1991]; Gold v Royal Cigar Co., 105 AD2d 831 [1984]).
The Supreme Court should have dismissed the ninth cause of action seeking damages for fraud, because the disclaimer in the *426 contract of sale was sufficiently specific to defeat any allegations that the contract was executed in reliance upon contrary oral representations (see Bedowitz v Farrell Dev. Co., 289 AD2d 432, 433 [2001]; Busch v Mastropierro, 258 AD2d 492 [1999]; Masters v Visual Bldg. Inspections, 227 AD2d 597 [1996]). Additionally, a cause of action to recover damages for fraud will not arise when the only fraud alleged relates to a breach of contract (see Morgan v Smith Corp., 221 AD2d 422 [1995]; Mastropieri v Solmar Constr. Co., 159 AD2d 698, 700 [1990]).
The Supreme Court, moreover, erred in denying that branch of the defendants’ motion which was to dismiss the tenth cause of action for an award of an attorney’s fee (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]).
The defendants’ remaining contentions are without merit. Altman, J.E, Florio, Friedmann and Mastro, JJ., concur.