▪ ANTHONY L. VENDITTI et al., Appellants, v LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents. [774 NYS2d 849]—

Peters, J. Appeal from an order of the Supreme Court (Caruso, J.), entered June 17, 2003 in Schenectady County, which granted defendants' motion to dismiss the complaint.

Since 1995, plaintiffs utilized defendant Paul S. Schwartz as their insurance agent. On their behalf, he procured automobile

insurance through defendant Liberty Mutual Fire Insurance Company which provided for supplementary uninsured/underinsured motorist (hereinafter SUM) coverage limits of $25,000 for each person. Plaintiffs claim that, prior to August 17, 1996, they specifically requested Schwartz to increase their excess liability and SUM coverage to $1,000,000 and that Schwartz affirmatively acknowledged that he would make such change.

On January 5, 2001, plaintiff Anthony L. Venditti (hereinafter plaintiff) was severely injured in a car accident. The driver of the other vehicle offered to settle for $25,000, the full limit of its insurance policy. Plaintiff Mary Jo Venditti avers that before accepting such settlement, upon the advice of her attorney, she called Schwartz and told him of the offer. Schwartz had no objection to the settlement since he confirmed that plaintiffs would have an additional $1,000,000 in SUM coverage. It was later learned that no such coverage had been procured.

Plaintiffs commenced this action asserting causes of action for breach of contract and negligence. In lieu of answering, defendants moved pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint. Supreme Court found that the action fell outside the six-year statute of limitations and dismissed it as time-barred. Plaintiffs appeal, arguing that the court erred in dismissing their negligence cause of action.

Plaintiffs' allegation that Schwartz breached his common-law duty to obtain the requested coverage (*see Murphy v Kuhn,* 90 NY2d 266, 270 [1997]) sets forth a claim in tort which requires the application of the three-year limitations period (*see Santiago v 1370 Broadway Assoc.,* 96 NY2d 765, 766 [2001]; *Chase Scientific Research v NIA Group,* 96 NY2d 20, 30 [2001]); this period began on January 5, 2001, the date of injury (*see Chase Scientific Research v NIA Group, supra* at 31). This action, commenced on December 4, 2002, is therefore timely with regard to said cause of action.

Addressing the legal sufficiency of the claim, we afford a liberal construction to the complaint at this preanswer stage, "accept[ing] as true the allegations contained therein, accord[ing] the plaintiff the benefit of every favorable inference and determin[ing] only whether the facts alleged fit within any cognizable legal theory" (*1455 Washington Ave. Assoc. v Rose & Kiernan,* 260 AD2d 770, 771 [1999]; *see Virgem Enters. v City of New York,* 290 AD2d 708, 708 [2002]; *see also Cron v Hargro Fabrics,* 91 NY2d 362, 366 [1998]). We find the negligence claim against Schwartz sufficient to preclude its dismissal at this early juncture (*see Arthur Glick Truck Sales v Spadaccia-Ryan-*

*Haas, Inc.,* 290 AD2d 780, 781 [2002]; *compare Laconte v Bashwinger Ins. Agency,* 305 AD2d 845, 846 [2003]), but do not find a viable claim of negligence against the other defendants since plaintiffs did not allege that "a legal duty independent of the contract" had been violated (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 390 [1987]).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the negligence cause of action against defendant Paul S. Schwartz; motion denied to that extent; and, as so modified, affirmed.