■ Louis Biancone et al., Respondents, v Robert Bossi, Appellants. [806 NYS2d 694]—

In an action to recover damages for fraud, consumer fraud pursuant to General Business Law § 349, breach of contract, and breach of warranty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered February 14, 2005, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were for summary judgment dismissing the causes of action to recover damages for fraud and consumer fraud pursuant to General Business Law § 349, so much of the cause of action to recover damages for breach of warranty as is based on the

defendants' alleged failure to paint the shingles used in the construction of the subject house and their alleged failure to add sufficient topsoil to the property, and so much of the cause of action to recover damages for breach of contract as is based on the alleged breach of the warranty provisions of the contract, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in denying that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging fraud. The defendants established entitlement to judgment as a matter of law by demonstrating, prima facie, that the plaintiffs based their fraud cause of action on the same allegations as their breach of contract cause of action. "[A] cause of action to recover damages for fraud will not arise when the only fraud alleged relates to a breach of contract" (*Rosen v Watermill Dev. Corp.*, 1 AD3d 424, 426 [2003]; *see also Merritt v Hooshang Constr.*, 216 AD2d 542, 543 [1995]). The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court improperly denied that branch of the cross motion which was for summary judgment dismissing the cause of action alleging consumer fraud pursuant to General Business Law § 349. The defendants established, prima facie, that the plaintiffs based their cause of action on a private contract that is unique to the parties, rather than upon conduct that affects consumers at large (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]; *Korn v First UNUM Life Ins. Co.*, 277 AD2d 355, 356 [2000]). The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York, supra*).

The Supreme Court further erred in denying that branch of the cross motion which was for summary judgment dismissing the cause of action alleging breach of warranty, insofar as it was based on the defendants' alleged failure to paint the shingles used in the construction of the subject house and their alleged failure to add sufficient topsoil to the property. The defendants established, prima facie, that the plaintiffs failed to notify them of these defects pursuant to the notice of claim provisions in General Business Law § 777-a (4) (a) (*see generally Rosen v Watermill Dev. Corp., supra* at 425). The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York, supra*).

The Supreme Court properly denied that branch of the cross

motion which was for summary judgment dismissing the cause of action alleging breach of warranty in all other respects. The defendants failed to establish, prima facie, that the plaintiffs failed to comply with the notice of claim provisions in General Business Law § 777-a (4) (a) (*see generally Rosen v Watermill Dev. Corp., supra* at 425).

The Supreme Court also properly denied that branch of the cross motion which was for summary judgment dismissing the cause of action alleging breach of contract, insofar as it was based on the defendants' alleged failure to paint the shingles used in the construction of the house and their alleged failure to add sufficient topsoil to the property. The plaintiffs alleged that the defendants violated specific provisions of the contract of sale other than the common-law implied warranty. Specifically, the plaintiffs alleged that the defendants failed to use "[f]actory-painted cedar shingles" in the construction of the subject house, and failed to properly place topsoil in disturbed areas of the property, in accordance with specific provisions of the contract of sale. These claims are not precluded by General Business Law § 777-a (*see Taggart v Martano*, 282 AD2d 521, 522 [2001]; *Rushford v Facteau*, 247 AD2d 785 [1998]; *Gorsky v Triou's Custom Homes*, 194 Misc 2d 736 [2002]; *see generally Fumarelli v Marsam Dev.*, 92 NY2d 298, 307 [1998]). The defendants failed to establish, prima facie, that they did not violate these provisions of the contract of sale.

However, the Supreme Court should have granted that branch of the cross motion which was for summary judgment dismissing the cause of action alleging breach of contract in all other respects, as the remaining provisions upon which the plaintiffs based the cause of action consisted only of the warranty provisions (*see Fumarelli v Marsam Dev., supra*). Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.