GARY BEDROSIAN et al., Respondents, v STEVEN GUZY et al., Appellants, et al., Defendants. (Appeal No. 1.) [822 NYS2d 181]—

Appeal from an order of the Supreme Court, Chautauqua County (John T. Ward, Jr., A.J.), entered April 26, 2005. The order denied the motion of defendants Steven Guzy and Jeanne Marie Guzy for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, and the complaint against defendants Steven Guzy and Jeanne Marie Guzy is dismissed.

Memorandum: In April 1998, defendants Steven Guzy and Jeanne Marie Guzy (collectively, defendants Guzy) purchased a parcel of land within the confines of the Chautauqua Institute. They then contracted with defendant LHC, Inc. (LHC) to build a modular home on the property. Defendant Gerald A. Leighton, Jr. is the sole owner of LHC. During the construction phase of their new home, defendants Guzy determined that they would be unable to afford the home and listed it for sale.

In June of 1999, plaintiffs contracted with defendants Guzy for the purchase of the property and partially completed home, which was to be completed pursuant to the terms of the contract between LHC and defendants Guzy. Shortly after moving into the home, plaintiffs allegedly discovered construction defects and incomplete work. Thereafter, they brought the instant action asserting causes of action for unworkmanlike construction, breach of contract, negligent construction, and breach of implied warranty both in common law and under article 36-B of the General Business Law. Defendants Guzy moved for summary judgment dismissing the complaint against them and Leighton and LHC moved for summary judgment dismissing the complaint against them. In appeal No. 1, defendants Guzy appeal from an order denying their motion for summary judgment and, in appeal No. 2, Leighton and LHC appeal from a separate order denying their motion for summary judgment.

In appeal No. 1, we conclude that Supreme Court erred in denying the motion of defendants Guzy for summary judgment dismissing the complaint against them. Plaintiffs accepted delivery of the deed to the property before bringing the action, and thus, any claim they might have had arising from the contract of sale was extinguished by the doctrine of merger (*see Roosa v Campbell*, 291 AD2d 901 [2002]). Defendants Guzy cannot be held liable for any implied warranty claims under article 36-B of the General Business Law because they were not the builders of the home and did not have control over the construction (*see generally* § 777-a [2] [a]). Furthermore, the causes of action sounding in tort should have been dismissed against defendants Guzy inasmuch as plaintiffs suffered only economic damages (*see generally Bristol-Myers Squibb, Indus. Div. v Delta Star*, 206 AD2d 177, 180-181 [1994]).

In appeal No. 2, we conclude that the court properly denied that part of the motion of Leighton and LHC seeking summary judgment dismissing the fifth cause of action against LHC, alleging breach of implied warranty under article 36-B of the General Business Law. Although there was undisputedly no contract between plaintiffs and LHC, plaintiffs are entitled to assert a cause of action for breach of the statutory implied warranty, as successors in title to the property (*see* § 777 [6]). Because the statutory remedies against LHC are exclusive (*see Fumarelli v Marsam Dev.*, 92 NY2d 298 [1998]), plaintiffs' causes of action for breach of common-law implied warranty and breach of contract cannot stand against that defendant (*see Latiuk v Faber Constr. Co.*, 269 AD2d 820 [2000]; *see also Biancone v Bossi*, 24 AD3d 582, 584 [2005]; *see generally Fu-*

*marelli*, 92 NY2d 298 [1998]). We therefore modify the order in appeal No. 2 by granting those parts of the motion seeking summary judgment dismissing the first through fourth causes of action against LHC. Finally, plaintiffs having conceded that the complaint fails to state a cause of action against Leighton, we further modify the order in appeal No. 2 by granting that part of the motion seeking summary judgment dismissing the complaint against him. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe and Green, JJ.