■ JAMES F. FINNEGAN et al., Appellants, v BROOKE HILL, LLC., Respondent. [833 NYS2d 107]—

In an action to recover damages for breach of the housing merchant implied warranty (General Business Law art 36-B), breach of common-law warranty, and breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Smith, J.), dated October 24, 2005, as granted those branches of the defendant's motion which were to dismiss the first cause of action alleging breach of the housing merchant implied warranty and the second cause of action alleging breach of common-law warranty pursuant to CPLR 3211 (a) (1), (3), (5), and (7), and, in effect, denied their cross motion for leave to amend the complaint pursuant to CPLR 3025 (b) to add the Condominium Board of Managers of The Meadows of Pearl River as a plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs are individual unit owners in a condominium complex built and sponsored by the defendant, Brooke Hill, LLC. After allegedly discovering defects in the common elements of the buildings, on February 14, 2005, the plaintiffs served notices of claim of breach of the housing merchant implied warranty pursuant to General Business Law § 777-a.

Thereafter, the plaintiffs commenced this action against the defendant alleging breach of the housing merchant implied warranty (General Business Law art 36-B), breach of common-law warranty, and breach of contract.

Contrary to the plaintiffs' contention, the six-year warranty period in the limited warranty is inapplicable, since the defects alleged in the complaint do not relate to a "major structure," as defined by section 4 (k), in that they do not affect the building (s) load-bearing functions to the extent that any of the plaintiffs' units became unsafe, unsanitary, or otherwise unavailable. Indeed, there is no allegation in the complaint that the plaintiffs' individual units are unsafe or uninhabitable. Therefore, the plaintiffs must avail themselves of either the one-year or two-year warranty period in the limited warranty.

Although the notice provisions of the limited warranty were in derogation of the statutory warranty (*see* General Business Law § 777-b [4] [g]), the notices of claim served by the plaintiff were nonetheless untimely. Pursuant to General Business Law § 777-a (4) (a), "written notice of a warranty claim for breach of a housing merchant implied warranty must be received by the builder . . . no later than [30] days after the expiration of the applicable warranty period." Here, the plaintiffs closed on title to their respective units in 1999, and notices of claim were served on the defendant in February 2005. Thus, the notices of claim were untimely, which is fatal to the first cause of action since timely notice is a condition precedent to a cause of action alleging breach of the housing merchant implied warranty (*see* General Business Law § 777-a [4]; *Pinkus v V.F. Bldrs.*, 270 AD2d 470 [2000]; *Rushford v Facteau*, 247 AD2d 785 [1998]). Accordingly, the first cause of action was properly dismissed.

The second cause of action was also properly dismissed since the limited warranty explicitly excludes all other implied or express warranties (*see Pinkus v V.F. Bldrs., supra; Hirshorn v Little Lake Estates*, 251 AD2d 377, 378 [1998]).

The plaintiffs' remaining contentions are without merit or are rendered academic in light of our determination. Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.