■ TIFFANY AT WESTBURY CONDOMINIUM, BY ITS BOARD OF MANAGERS, et al., Appellants, v MARELLI DEVELOPMENT CORP. et al., Respondents, et al., Defendants, and JOHN SCHIMENTI, P.C., Appellant. [840 NYS2d 74]—

Motion by Marelli Development Corp. for leave to reargue an appeal from an order of the Supreme Court, Nassau County, entered June 24, 2005, which was determined by decision and order of this Court dated November 28, 2006.

Upon the papers filed in support of the motion, and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated November 28, 2006 (*Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 34 AD3d 787 [2006]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of contract, (1) the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Roberto, Jr., J.), entered June 24, 2005, as granted those branches of the cross motion of the defendants Marelli Development Corp., Holiday Management Associates, Inc., Gerald Monter, and Elliot Monter which were for summary judgment dismissing the amended complaint insofar as asserted against Gerald Monter and Holiday Management Associates, Inc., the second cause of action alleging fraud insofar as asserted against Marelli Development Corp. and Elliot Monter, so much of the third cause of action alleging breach of the limited warranty based on defects in the heating, ventilation, and air conditioning system insofar as asserted by the plaintiff Tiffany at Westbury Condominium by its Board of Managers against Marelli Development Corp., and the common-law causes of action based on breach of contract insofar as asserted against the defendants Marelli Development Corp., Holiday Management Associates, Inc., Gerald Monter, and Elliot Monter, and (2) the defendant John Schimenti, P.C., separately appeals from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the cross claim of the defendants Marelli Development Corp., Holiday Management Associates, Inc., Gerald Monter, and Elliot Monter for common-law indemnification against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendants Marelli Development Corp., Holiday Management Associates, Inc., Gerald Monter, and Elliot Monter which was for summary judgment dismissing so much of the third

cause of action alleging breach of the limited warranty based on defects in the heating, ventilation, and air conditioning system insofar as asserted by the plaintiff Tiffany at Westbury Condominium by its Board of Managers against Marelli Development Corp., and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendants Marelli Development Corp., Holiday Management Associates, Inc., Gerald Monter, and Elliot Monter which was for summary judgment dismissing the common-law breach of contract causes of action insofar as asserted by all of the plaintiffs except for the plaintiff Tiffany at Westbury Condominium by its Board of Managers against Marelli Development Corp., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs by the defendants Marelli Development Corp., Holiday Management Associates, Inc., Gerald Monter, and Elliot Monter.

The plaintiffs in this action are Tiffany at Westbury Condominium by its Board of Managers (hereinafter the Board) and individual owners of condominium units (hereinafter the owners) at Tiffany at Westbury Condominium (hereinafter Tiffany). In an effort to recover damages for the alleged defective design and construction of Tiffany, the plaintiffs commenced this action against, inter alia, the following defendants: Marelli Development Corp. (hereinafter Marelli), which was the sponsor of Tiffany; Marelli's principals, Elliot Monter and Gerald Monter; Holiday Management Associates, Inc. (hereinafter Holiday Management), a prior managing agent at Tiffany, and John Schimenti, P.C. (hereinafter Schimenti), the architect of Tiffany (Marelli, Holiday Management, Elliot Monter, and Gerald Monter are collectively referred to hereinafter as the Holiday defendants).

The Supreme Court erred in granting that branch of the Holiday defendants' cross motion which was for summary judgment dismissing the common-law breach of contract causes of action insofar as asserted by the owners against Marelli on the ground that the causes of action for breach of contract were precluded by the causes of action for breach of the limited warranty. While the limited warranty contained in the owners' purchase agreements precludes their assertion of causes of action for breach of contract based on the common-law implied warranty (*see Fumarelli v Marsam Dev.*, 92 NY2d 298 [1998]; *Repecki v Parex Inc.*, 300 AD2d 292 [2002]; *Latiuk v Faber Constr. Co.*, 269 AD2d 820 [2000]), the owners alleged that

Marelli violated specific provisions of their purchase agreements other than the warranty provisions (*see Biancone v Bossi*, 24 AD3d 582, 584 [2005]; *Taggart v Martano*, 282 AD2d 521, 522 [2001]). Specifically, they alleged that Marelli breached its contractual obligation to erect and complete Tiffany so that when completed, it would be in substantial accordance with the plans as filed with the building department. They also alleged that Marelli breached its contractual obligation to make changes or substitutions in materials which were of comparable value and quality to those items set forth in the offering plan and building plan. Indeed, the offering plan specifically set forth the layout of Tiffany, how it would be constructed, and what materials would be used. The offering plan was incorporated into the owners' purchase agreements, which stated that the representations in the offering plan would survive delivery of the deed. Since the offering plan and purchase agreements contained specific provisions as to how Tiffany would be constructed, which are separate and apart from the limited warranty, the owners are entitled to assert common-law breach of contract causes of action with respect to those provisions. However, since the Board did not sign a purchase agreement, the Board cannot maintain a common-law breach of contract cause of action against Marelli.

The Supreme Court also erred in granting that branch of the Holiday defendants' cross motion which was for summary judgment dismissing so much of the third cause of action alleging breach of the limited warranty based on defects in the heating, ventilation, and air conditioning (hereinafter HVAC) system insofar as asserted by the Board against Marelli. Under the offering plan and pursuant to Real Property Law § 339-dd, the Board may bring any cause of action relating to the common elements of more than one unit. In opposition to the Holiday defendants' prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), the Board raised triable issues of fact with respect to whether the alleged defects in the HVAC system occurred within the common elements of the building or affected more than one unit.

Contrary to the plaintiffs' further contention, the Supreme Court properly dismissed the second cause of action sounding in common-law fraud. A cause of action alleging fraud does not lie where the only fraud claim relates to a breach of contract (*see Ross v DeLorenzo*, 28 AD3d 631, 636 [2006]; *WIT Holding Corp. v Klein*, 282 AD2d 527, 528 [2001]; *Morgan v Smith Corp.*, 265

AD2d 536 [1999]). Here, the plaintiffs' cause of action for fraud was wholly duplicative of the breach of contract and warranty claims.

In addition, the Supreme Court properly dismissed the amended complaint insofar as asserted against Holiday Management. As admitted by the plaintiffs, they seek damages to correct the defects in design and construction of Tiffany as it allegedly deviated from the building code's standards as well as the detailed representations in the offering plan. In this respect, the Holiday defendants demonstrated that Holiday Management was not responsible for the alleged defective design and construction of Tiffany. In opposition to the Holiday defendants' prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*), the plaintiffs failed to raise a triable issue of fact with respect to Holiday Management's liability for such design and construction.

The plaintiffs' remaining contentions either have been rendered academic or are without merit.

Finally, the Supreme Court properly denied that branch of Schimenti's cross motion which was for summary judgment dismissing the Holiday defendants' cross claim for common-law indemnification. The principle of "common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (*17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 80 [1999]; *see D'Ambrosio v City of New York*, 55 NY2d 454, 460 [1982]; *McDermott v City of New York*, 50 NY2d 211, 217 [1980]). The party seeking indemnification "must have delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought," and must not have committed actual wrongdoing itself (*17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., supra* at 80). In opposition to Schimenti's prima facie showing that it was not responsible for the alleged design defects of Tiffany (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*), the Holiday defendants raised triable issues of fact as to Schimenti's responsibility for the alleged design flaws at the premises. Schmidt, J.P., Crane, Santucci and Covello, JJ., concur.