[896 NYS2d 567]

JACK SOLOMONS, Respondent, v GREENS AT HALF HOLLOW, LLC, et al., Appellants.

Supreme Court, Appellate Term, Second Department, March 19, 2009

APPEARANCES OF COUNSEL

*Rosenberg, Calica & Birney, LLP*, Garden City (*William J. Birney* and *Diana G. Attner* of counsel), for appellants. *Jack Solomons*, respondent pro se.

**OPINION OF THE COURT**

MEMORANDUM.

Appeal by defendant SBJ Associates dismissed.

Judgment affirmed without costs.

In this small claims action, plaintiff, the owner of a unit he purchased from defendant Greens at Half Hollow, LLC (hereinafter defendant) on April 16, 2004, seeks to recover damages for breach of contract. The purchase agreement contained a limited warranty requiring plaintiff to provide defendant, within a specified period of time, with a notice of claim identifying any defects. However, plaintiff never provided such notice to defendant regarding the instant claim. The purchase agreement, which incorporates the offering plan, also contained specific provisions requiring the installation of insulation sufficient to meet "performance standard[s]" applicable to energy and building code requirements. Pursuant to the offering plan, the representations with respect to installation of insulation were to survive delivery of the deed. Plaintiff testified at trial that insulation was not installed in various exterior walls of the premises and that, where insulation was present, it was improperly installed. Plaintiff's expert witness testified that there were many cold spots in the premises, which he attributed to the defective installation of insulation. Defendant relied upon the certificate of

occupancy to establish that the installation of insulation was substantially complete. The District Court found that the notice of claim provision of the limited warranty was not enforceable against plaintiff since the warranty failed to comply with the requirements of General Business Law § 777-b (3) (b), that defendant breached the provisions of the purchase agreement and that defendant violated General Business Law § 349. The court awarded plaintiff the principal sum of $3,075 as against Greens at Half Hollow, LLC.

■ Contrary to the opinion of the District Court, the limited warranty contained in the purchase agreement complied with General Business Law § 777-b (3) and should be given effect. The limited warranty conspicuously mentioned the housing merchant implied warranty and provided that such implied warranty was excluded and, in its stead, the provisions of the limited warranty would apply. Moreover, plaintiff testified that the limited warranty was annexed to and incorporated in the purchase agreement. Pursuant to the provisions of the limited warranty, plaintiff could not maintain the instant action insofar as it was based on the limited warranty since he failed to provide defendant with the notice of claim identifying the alleged defect, within the time required by said warranty (*see* General Business Law § 777-b [4] [g]; *see also Testa v Liberatore,* 6 Misc 3d 126[A], 2004 NY Slip Op 51677[U] [App Term, 9th & 10th Jud Dists 2004]).

The District Court also erred in holding defendant liable for violating General Business Law § 349. In our view, plaintiff's cause of action was based on a private contract that was unique to the parties, rather than upon conduct that affects consumers at large (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.,* 40 AD3d 1073 [2007]).

■ The proof established, however, that defendant breached the provisions of the offering plan, which were incorporated into the purchasing agreement, and which stated that the representations in the offering plan would survive delivery of the deed. Since the offering plan and purchase agreement contained specific provisions as to how the insulation would be installed in sufficient amounts, which provisions are separate and apart from the limited warranty, plaintiff is entitled to assert a common-law breach of contract cause of action against defendant (*see Tiffany at Westbury Condominium,* 40 AD3d at 1076; *see also Biancone v Bossi,* 24 AD3d 582 [2005]). In our view, the evidence amply demonstrated that insulation was not installed

in various walls of plaintiff's home as required. While defendant relies upon the issuance of a certificate of occupancy as proof of proper installation of insulation, the evidence presented by plaintiff and his expert witness rebutted any presumption to which defendant may have been entitled (*see generally Dunlop Dev. Corp. v Spitzer*, 26 AD3d 180 [2006]). Consequently, plaintiff established his claim for breach of contract insofar as it was based on defendant's alleged failure to properly install insulation in the construction of his home pursuant to the offering plan. Accordingly, we find that substantial justice was done between the parties in accordance with the rules and principles of substantive law (UDCA 1807) and affirm the judgment, albeit on other grounds.

The appeal by SBJ Associates must be dismissed as it is not aggrieved by the judgment (CPLR 5511), which was only against Greens at Half Hollow, LLC.

TANENBAUM, J.P., MOLIA and LaCAVA, JJ., concur.