■ ERIC LANTZY et al., Appellants, v ADVANTAGE BUILDERS, INC., Respondent. [876 NYS2d 184]—

Mercure, J.P. Appeal from an amended order of the Supreme Court (Donohue, J.), entered July 8, 2008 in Columbia County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs entered into a contract with defendant for the purchase of real property in the Town of Kinderhook, Columbia County, and for construction of a one-family home. Title to the home was transferred in September 2002, and a certificate of occupancy was issued by the Town in January 2003. Thereafter, in 2005, plaintiffs experienced flooding in their basement. After a recurrence in early 2006, plaintiffs presented defendant with written notice of a warranty claim. Defendant surveyed the situation with the assistance of an engineer, who noted historically high amounts of rain and suggested steps to remediate the problem. Dissatisfied with defendant's response, plaintiffs commenced this action. Supreme Court subsequently granted defendant's motion for summary judgment and dismissed the complaint. Plaintiffs now appeal, and we affirm.

Plaintiffs first contend that Supreme Court erred in granting defendant's motion for summary judgment because a material issue of fact exists regarding whether the alleged defects to the home fell within the six-year warranty provided by the parties' contract. As a condition precedent to commencing an action under the limited warranty, plaintiffs were required to give defendant timely written notice of a claim after the expiration of

the applicable warranty period (*see* General Business Law § 777-a [4] [a]; *Rushford v Facteau*, 247 AD2d 785, 785-786 [1998]). Here, while the contract failed to specify the date from which the warranty period was intended to run, the parties agree that the latest it could have started to run was January 27, 2003, when the certificate of occupancy was issued. Moreover, although the contract included one-year warranty coverage for defective workmanship, materials or design and two-year coverage for major mechanical systems, plaintiffs admittedly did not submit a written notice of warranty claim until January 2006. Thus, as plaintiffs concede, any claims against defendant in this regard must fall within the six-year warranty, which covered only "major structural defects," i.e., material defects resulting in "actual physical damage" to load-bearing portions of the home and that render the home "unsafe, unsanitary or otherwise unlivable."

As Supreme Court noted, however, plaintiffs allege no damage to the load-bearing portions of the home and, in fact, they admitted that the flooding in the basement had caused only minor property damage and no physical damage to the house at all. Furthermore, plaintiffs conceded that testing of mold, which they claim resulted from the flooding, did not show anything dangerous. Indeed, plaintiffs have resided in the home with their children continuously since January 2003 and have continued to use the basement for work, play and exercise. As such, we find that plaintiffs' claim was not covered by the six-year warranty provision in the limited warranty and, therefore, plaintiffs' notice of claim was not timely and Supreme Court correctly dismissed plaintiffs' claim under the limited warranty (*see Finnegan v Brooke Hill, LLC*, 38 AD3d 491, 491-492 [2007]; *Pinkus v V.F. Bldrs.*, 270 AD2d 470, 470 [2000], *lv denied* 95 NY2d 758 [2000]; *Rushford v Facteau*, 247 AD2d at 785-786).

Turning to plaintiffs' breach of contract claims, we note that where a limited warranty expressly excludes any common-law implied warranty, it is exclusive and a cause of action sounding in common-law breach of contract may not be maintained (*see Fumarelli v Marsam Dev.*, 92 NY2d 298, 301-302 [1998]; *Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1075 [2007]; *Bedrosian v Guzy*, 32 AD3d 1194, 1195 [2006]; *Pinkus v V.F. Bldrs.*, 270 AD2d at 470). Here, the limited warranty provided by defendant stated that it excluded all other warranties, both express and implied. Therefore, plaintiffs' breach of contract claim, which mirrored claims made under the warranty provisions, was also properly dismissed.

Finally, we conclude that plaintiffs' negligence cause of action

is premised solely on defendant's failure to perform the obligations of the contract. Inasmuch as no independent legal duty is alleged to have been violated, that claim also fails (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Venditti v Liberty Mut. Ins. Co.*, 6 AD3d 961, 962-963 [2004]; *Fourth Branch Assoc. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 963 [1997]).

Plaintiffs' remaining assertions, to the extent not addressed herein, have been considered and found to be lacking in merit.

Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the amended order is affirmed, with costs.