# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

334

CA 10-02242

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

WILLIAM GALLUP AND ANN GALLUP, INDIVIDUALLY AND
AS PARENTS AND NATURAL GUARDIANS OF ANDREW
GALLUP AND BENJAMIN GALLUP, MINORS UNDER 18
YEARS OF AGE,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

SUMMERSET HOMES, LLC,
DEFENDANT-APPELLANT-RESPONDENT,
ET AL., DEFENDANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (MATTHEW
A. LENHARD OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

DUCHARME, HARP & CLARK, LLP, CLIFTON PARK (CHERYL L. SOVERN OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 10, 2010 in a breach of contract action. The order granted in part and denied in part the motion of defendant Summerset Homes, LLC for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion of defendant Summerset Homes, LLC seeking summary judgment dismissing the third, sixth, and seventh causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, individually and on behalf of their children, commenced this action seeking damages for personal injuries and property damage they sustained as a result of mold contamination in their home. We note at the outset that Supreme Court has dismissed the amended complaint against the remaining defendant, and thus the action is now only against Summerset Homes, LLC (defendant), which built the home. Plaintiff William Gallup entered into a purchase contract with defendant for the construction of the home, and the contract included a limited warranty. Less than two years after moving into the home, plaintiffs vacated the residence. Later testing of the home confirmed the presence of at least four different types of mold in the basement and other areas of the home. In their amended complaint, plaintiffs alleged causes of action sounding in breach of contract, tort, and breach of warranty. Defendant moved for summary

judgment dismissing the amended complaint, and the court granted those parts of the motion with respect to the second, fourth and fifth causes of action, for negligence and strict products liability.  The court denied the motion with respect to the first cause of action, for breach of contract, and the third, sixth and seventh causes of action, for breach of warranty.  Defendant appeals and plaintiffs cross-appeal.

We reject plaintiffs' contention that the court erred in granting the motion with respect to the negligence and strict products liability causes of action.  This is yet another example of a case in which causes of action for contract and tort appear to overlap, i.e., "where the parties' relationship initially is formed by contract, but there is a claim that the contract was performed negligently" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551).  "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated . . . This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389).  "[M]erely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort" (*Sommer*, 79 NY2d at 551).  In considering whether plaintiffs have viable tort causes of action, we must also consider "the nature of the injury, the manner in which the injury occurred and the resulting harm" (*id.* at 552).

Here, the nature of the injury and the resulting harm sound in tort, but the manner in which the injury occurred sounds in contract.  Plaintiffs allege that the mold formed because of defendant's defective workmanship and/or materials, i.e., defendant's failure to exercise due care in its performance of the contract.  The injury did not occur because of an "abrupt, cataclysmic occurrence" (*id.; see Syracuse Cablesystems v Niagara Mohawk Power Corp.*, 173 AD2d 138, 142-143).  We thus agree with the court that plaintiffs' tort causes of action are not viable because there is no legal duty owed by defendant that is independent of the contract (*see Lantzy v Advantage Bldrs., Inc.*, 60 AD3d 1254, 1255-1256; *Rothstein v Equity Ventures*, 299 AD2d 472, 474; *Burnell v Morning Star Homes*, 114 AD2d 657, 658-659).

We agree with defendant, however, that the court erred in denying those parts of its motion seeking summary judgment dismissing the third, sixth, and seventh causes of action, for breach of warranty. We therefore modify the order accordingly.  As noted above, the contract contained a limited warranty, and the sixth cause of action alleges a breach of the housing merchant implied warranty set forth in General Business Law § 777-a.  Contrary to plaintiffs' contention, that limited warranty complied with the requirements set forth in General Business Law § 777-b, which provides that the housing merchant implied warranty in section 777-a may be excluded where, as here, the buyer is offered a limited warranty under section 777-b.  Thus, the court erred in denying defendant's motion with respect to the sixth cause of action (*cf. Latiuk v Faber Constr. Co.*, 269 AD2d 820).  In

addition, the court erred in denying the motion with respect to the third cause of action, for breach of common-law express and implied warranties, because it is precluded by the limited warranty (*see Fumarelli v Marsam Dev.*, 92 NY2d 298, 305; *Bedrosian v Guzy*, 32 AD3d 1194, 1195-1196).  We further conclude that the court erred in denying the motion with respect to the seventh cause of action, for breach of the limited warranty offered to plaintiffs pursuant to General Business Law § 777-b.  Plaintiffs did not comply with the written notice of claim requirement for the one-year and two-year limited warranty provisions, and thus they are entitled to recover, if at all, only under the six-year warranty provision (*see Lantzy*, 60 AD3d at 1255; *Rothstein*, 299 AD2d at 474-475).  The six-year warranty covered only major structural defects, which are defined as defects resulting in actual physical damage to a load-bearing portion of the home affecting its load-bearing functions to the extent the home becomes "unsafe, unsanitary, or otherwise unlivable."  While the mold infestation in plaintiffs' home certainly rendered it "unsafe, unsanitary, [and] otherwise unlivable," it did not affect the load-bearing functions of the home.  Plaintiffs therefore do not have a viable cause of action for breach of the six-year warranty (*see generally Finnegan v Brooke Hill, LLC*, 38 AD3d 491, 492).

Finally, we conclude that the court properly denied that part of defendant's motion for summary judgment dismissing the first cause of action, for breach of contract, which is the sole remaining cause of action.  As a general rule, the existence of a statutory limited warranty precludes common-law causes of action, including causes of action for breach of contract (*see Fumarelli*, 92 NY2d at 305; *Lantzy*, 60 AD3d at 1255; *Latiuk*, 269 AD2d at 820).  A breach of contract cause of action, however, is precluded only to the extent it is based on the breach of warranty (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1075-1076; *Biancone v Bossi*, 24 AD3d 582, 584).  Here, plaintiffs have stated violations of "specific provisions of [the contract] other than the warranty provisions," and thus the court properly denied that part of defendant's motion with respect to the breach of contract cause of action (*Tiffany at Westbury Condominium*, 40 AD3d at 1076; *see Biancone*, 24 AD3d at 584).  We have considered the remaining contentions of the parties and conclude that they are without merit.

Entered:  March 25, 2011                        Patricia L. Morgan
                                                Clerk of the Court