JENNIFER HARRIS et al., Appellants, v BRYAN WHALEN, Respondent. [934 NYS2d 323]—

General Business Law § 777-a, which is contained within General Business Law article 36-B, provides that as a prerequisite to commencing an action alleging breach of the statute, written notice of a claim for breach of warranty must be received by the defendant prior to the commencement of the action no later than 30 days after the expiration of the warranty period (*see Finnegan v Brooke Hill, LLC*, 38 AD3d 491 [2007]). The warranty date is defined as "the date of the passing of title to the

first owner for occupancy by such owner or such owner's family as a residence, or the date of first occupancy of the home as a residence, whichever first occurs" (General Business Law § 777 [8]).

Here, contained in the contract of sale for the new home constructed by the defendant for the plaintiffs was a limited warranty provision which guaranteed the home for a period of one year against, inter alia, any structural defects. The Supreme Court correctly concluded that the defendant demonstrated prima facie that he had not been given timely written notice regarding the alleged defects. Specifically, the defendant showed that although the date of first occupancy was August 1, 2005, the date that title passed was May 5, 2005, and the date the plaintiffs first provided the defendant with written notice of a warranty claim was by letter dated July 12, 2006, which was beyond the expiration of the statutory period for timely written notification (*see* General Business Law § 777 [8]; § 777-a). The plaintiffs failed to raise a triable issue of fact in response (*see* *Gallup v Summerset Homes, LLC*, 82 AD3d 1658 [2011]).

Accordingly, the Supreme Court correctly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

In light of the foregoing, we need not consider the plaintiffs' remaining contentions. Florio, J.P., Balkin, Belen and Chambers, JJ., concur.