# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1337
CA 11-00444
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

VERIZON NEW YORK, INC., PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

BARLAM CONSTRUCTION CORP., DEFENDANT,
AND ECSM UTILITY CONTRACTORS, INC.,
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

DOBSHINSKY & PRIYA, LLC, NEW YORK CITY (NEAL S. DOBSHINSKY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SOLOMON AND SOLOMON, P.C., ALBANY (TODD M. SARDELLA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), dated November 9, 2010. The judgment awarded plaintiff the sum of $47,124.87 against defendant ECSM Utility Contractors, Inc.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the complaint is dismissed.

Memorandum: Plaintiff, the owner of underground cables and facilities on a construction site in Camillus, New York, commenced this action seeking money damages arising from the damage caused to its cables. Defendant Barlam Construction Corp. (Barlam) was a subcontractor preparing the property for residential housing, and defendant ECSM Utility Contractors, Inc. (ECSM) was a utility locator for plaintiff. In accordance with General Business Law §§ 760 - 767 and 16 NYCRR part 753, Barlam telephoned the one-call notification system to request a mark-out of all underground facilities in the area that it planned to excavate. ECSM was then electronically notified to conduct the mark-out of plaintiff's underground facilities. An ECSM employee marked out plaintiff's facilities on December 1, 2005 using orange paint and flags, but almost two weeks later Barlam dug up some of plaintiff's cables while excavating the property. Following a bench trial, Supreme Court entered judgment in favor of plaintiff against ECSM. We reverse.

We note at the outset that New York does not recognize tort claims arising out of the negligent performance of a contract (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551; *Gallup v Summerset*

*Homes, LLC*, 82 AD3d 1658, 1660), and plaintiff failed to prove that ECSM owed it a duty independent of any contractual obligations. We further conclude that plaintiff failed to prove that ECSM breached the contract between the parties inasmuch as plaintiff failed to introduce into evidence the original agreement between the parties, and the burden of proving the existence, terms and validity of a contract rests on the party seeking to enforce it (*see Paz v Singer Co.*, 151 AD2d 234, 235). Here, plaintiff failed to establish that the original contract came within an exception to the best evidence rule by sufficiently explaining the unavailability of the original contract (*see generally Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643-644), and the court erred in permitting plaintiff to establish the terms of the contract through secondary evidence in the absence of any proof that the original contract was lost or destroyed (*see id.* at 644; *Chamberlain v Amato*, 259 AD2d 1048, 1048-1049).

Entered: December 23, 2011      Frances E. Cafarell
Clerk of the Court