Sestito v David L. Vickers & Sons (2019 NY Slip Op 06275)





Sestito v David L. Vickers & Sons


2019 NY Slip Op 06275


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


543.2 CA 17-01392

[*1]ELLEN SUE SESTITO, PLAINTIFF-RESPONDENT-APPELLANT,
v
DAVID L. VICKERS & SONS AND DAVID L. VICKERS, INDIVIDUALLY, DEFENDANTS-APPELLANTS-RESPONDENTS. (APPEAL NO. 2.) 






SAUNDERS KAHLER, LLP, UTICA (MERRITT S. LOCKE OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
BOSMAN LAW FIRM, LLC, ROME (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from a judgment of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered April 20, 2017. The judgment awarded plaintiff money damages. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated and the order entered December 10, 2015 is modified on the law by granting that part of the motion of defendants David L. Vickers & Sons and David L. Vickers, individually, for summary judgment dismissing the negligence cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced these consolidated actions against several parties, including David L. Vickers & Sons and David L. Vickers, individually (collectively, Vickers defendants) seeking damages arising from the allegedly defective construction of homes that they had contracted with the Vickers defendants to build in a housing development. In appeal No. 1, the Vickers defendants appeal and plaintiffs-respondents-appellants (plaintiffs) cross-appeal from an order that, inter alia, granted in part the Vickers defendants' motion for summary judgment by dismissing all causes of action against them except, as relevant here, those sounding in negligence. In appeal Nos. 2 through 8, the Vickers defendants appeal and plaintiffs cross-appeal from seven judgments entered on the jury's finding of negligence on the part of the Vickers defendants.
Initially, we dismiss the appeal and the cross appeal in appeal No. 1 because the right to appeal from the intermediate order terminated upon the entry of the judgments in appeal Nos. 2 through 8 (see Charter Sch. for Applied Tech. v Board of Educ. for City Sch. Dist. of City of Buffalo, 105 AD3d 1460, 1461 [4th Dept 2013]; Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 AD2d 435, 435 [2d Dept 1989]). The issues raised in appeal No. 1 concerning the order will be considered on the appeal and the cross appeal from the judgments in appeal Nos. 2 through 8 (see Matter of Aho, 39 NY2d 241, 248 [1976]).
We agree with the Vickers defendants' contention on their appeal that Supreme Court erred in denying that part of their motion seeking summary judgment dismissing the negligence causes of action. We therefore vacate the judgments in appeal Nos. 2 through 8 and modify the order in appeal No. 1 accordingly. This is a case in which the causes of action for contract and tort appear to overlap, i.e., "where the parties' relationship initially is formed by contract, but there is a claim that the contract was performed negligently" (Sommer v Federal Signal Corp., 79 NY2d 540, 551 [1992]). It is well established that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; see Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421, 1422 [3d Dept 2013]; Gallup v Summerset Homes, [*2]LLC, 82 AD3d 1658, 1660 [4th Dept 2011]). "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Clark-Fitzpatrick, Inc., 70 NY2d at 389). "[M]erely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort" (Sommer, 79 NY2d at 551). "In considering whether plaintiffs have viable tort causes of action, we must also consider the nature of the injury, the manner in which the injury occurred and the resulting harm' " (Gallup, 82 AD3d at 1660, quoting Sommer, 79 NY2d at 552).
Here, we conclude that plaintiffs' allegations of negligence are "merely a restatement, albeit in slightly different language, of the . . . contractual obligations asserted in the cause[s] of action for breach of contract" (Clark-Fitzpatrick, Inc., 70 NY2d at 390; see Park Edge Condominiums, LLC v Midwood Lbr. & Millwork, Inc., 109 AD3d 890, 891 [2d Dept 2013]; Gallup, 82 AD3d at 1660). Contrary to plaintiffs' assertion, the circumstances of this case do not warrant imposition of an independent duty "based on the nature of the services performed and the [Vickers] defendant[s'] relationship with [plaintiffs]" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711 [2018]), and we note that plaintiffs did not allege injuries arising from an "abrupt, cataclysmic occurrence" (Sommer, 79 NY2d at 552; see Gallup, 82 AD3d at 1660).
We reject plaintiffs' contention on their cross appeal that the court erred in granting that part of the Vickers defendants' motion for summary judgment dismissing the breach of contract causes of action. "As a general rule, the existence of a statutory limited warranty precludes common-law causes of action, including causes of action for breach of contract" (Gallup, 82 AD3d at 1661). Nonetheless, "[a] breach of contract cause of action . . . is precluded only to the extent it is based on the breach of warranty" (id.). Here, plaintiffs' breach of contract causes of action are precluded to the extent that they are based on the alleged breach of the statutory housing merchant implied warranty (see General Business Law § 777-a). To the extent that the breach of contract causes of action are not so precluded, we conclude that the Vickers defendants established their entitlement to summary judgment dismissing those causes of action, and plaintiffs failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Contrary to plaintiffs' further contention on their cross appeal, the court properly granted that part of the motion with respect to the breach of warranty causes of action based on General Business Law
§ 777-a (4) (a). The Vickers defendants' submissions, including a letter from plaintiffs' counsel and deposition testimony obtained during discovery, established as a matter of law that plaintiffs denied the Vickers defendants a "reasonable opportunity to inspect, test and repair the portion[s] of the home[s] to which the warranty claim[s] relate[]" (id.; cf. Trificana v Carrier, 81 AD3d 1339, 1341 [4th Dept 2011]), and plaintiffs failed to raise an issue of fact (see generally Zuckerman, 49 NY2d at 562).
Finally, we have reviewed plaintiffs' remaining challenges to the court's determinations on the summary judgment and posttrial motions, including those with respect to the other defendants, and we conclude that such challenges are without merit.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court