[628 NYS2d 994]

Nicholas W. Kubiszyn, Appellant, v Terex Division of Terex Corp. et al., Respondents.

Fourth Department, June 9, 1995

APPEARANCES OF COUNSEL

*Barry J. Donohue,* Tonawanda, for appellant.

*Thorn & Gershon,* Albany *(Paul D. Jureller* of counsel), for respondent.

## OPINION OF THE COURT

BALIO, J.

On July 13, 1988, plaintiff, a skilled trades mechanic employed at the Harrison Radiator Division of General Motors Corporation (GMC), fell while performing maintenance on a front-end loader. The front-end loader was manufactured in 1977 by the Terex Division of GMC. It was delivered from the Terex Division to the GMC Harrison plant without being sold through a dealer.

In 1980 GMC sold its Terex Division to I.B.H. Holding AG. (I.B.H. Holding), a German corporation. I.B.H. Holding operated Terex Corporation as a wholly owned subsidiary until 1983, when Terex Corporation filed for bankruptcy protection. Terex Corporation continued to be operated as "New Terex" under a bankruptcy reorganization plan until it was acquired in 1986 by Northwest Engineering Company. After that acquisition, Northwest Engineering Company changed its name to Terex Corporation and the Terex operation became the Terex Division of Terex Corporation (Terex).

Plaintiff applied for and received workers' compensation benefits. He also commenced this action against L.B. Smith Incorporated (L.B. Smith)[1] and Terex for damages, alleging defective design and manufacture of the front-end loader and asserting liability based on theories of common-law negligence, strict products liability and failure to warn. Supreme Court granted the motion of Terex for summary judgment dismissing the complaint. The court held that, because the front-end loader was designed and manufactured by plaintiff's

---

1. Plaintiff sought to impose liability upon L.B. Smith in its capacity as a dealer of front-end loaders manufactured by GMC's Terex Division. The record shows that, although L.B. Smith did serve as a dealer of front-end loaders manufactured by the Terex Division, it did not sell the subject loader. The loader was delivered directly from the Terex Division to the Harrison plant. GMC employed L.B. Smith only to perform the initial service and maintenance on the front-end loader after the delivery to Harrison. Under the circumstances, Supreme Court properly granted summary judgment in favor of L.B. Smith dismissing the complaint against it *(see, Martinez v Gouverneur Gardens Hous. Corp.,* 184 AD2d 264, 266-267, *lv denied* 80 NY2d 759).

employer (GMC), Terex, as a successor corporation,[2] inherited GMC's defense that workers' compensation constituted plaintiff's exclusive remedy. We agree.

The question whether a successor corporation can inherit the exclusive remedy defense of a predecessor corporation under those circumstances is a matter of first impression in New York. The Court of Appeals expressly declined to consider the issue in *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152, 161-162, n). In that case, plaintiff's decedent was killed while working for his employer, USM Corporation (USM), when the ram of a vertical boring mill broke loose and struck him. The boring mill had been designed and manufactured by the Consolidated Machine Tool Corporation (Consolidated) and Farrel-Birmingham Company (Farrel) and had been installed in 1955 by Farrel in the plant that, at the time of the accident, was owned by USM. After a series of consolidations and mergers that transpired prior to the accident, Consolidated and Farrel were absorbed into USM. Plaintiff applied for and received workers' compensation benefits. Plaintiff also commenced an action against USM and others for personal injuries and wrongful death. The Court of Appeals rejected the contention of USM that, because it was decedent's employer, plaintiff's exclusive remedy against it was for workers' compensation benefits *(see,* Workers' Compensation Law § 11). The Court observed that, as a successor to the liabilities of Consolidated and Farrel, USM stood in the shoes of those defunct corporations, who, in the ordinary course of events, would have been fully answerable as third-party tortfeasors for the injury to plaintiff's decedent. Because plaintiff sued USM in its status as a successor to the liabilities of alleged tortfeasors and not as the employer, the Court held that USM could not avoid the "obligations it inherited * * * simply because of the fortuity that the injured party was an employee covered by the provisions of the Workers' Compensation Law" *(Billy v Consolidated Mach. Tool Corp., supra,* at 161).

The instant case presents the reverse of the factual situation in *Billy.* The Court in *Billy* noted that, because plaintiff's

---

**2.** The court properly concluded that factual issues exist whether Terex is a successor corporation that assumed the liabilities of its predecessor corporations. We agree with the court, however, that whether Terex can inherit the exclusive remedy defense can be decided without resolving the issue of Terex's status as a successor corporation. Thus, solely for ease of discussion, we refer to Terex as a successor corporation.

decedent had not been employed by either Farrel or Consolidated, there was no immunity for USM, the employer, to inherit. Thus, the Court stated that it was "unnecessary for us to consider or, indeed, to speculate whether USM Corporation would have inherited the immunity from suit which these corporations would have enjoyed had decedent been in their employ at some time prior to the merger (see Business Corporation Law, § 906, subd [b], par [1])"[3] *(Billy v Consolidated Mach. Tool Corp., supra,* at 162, n). Here, because plaintiff was employed by a predecessor corporation at the time of the alleged defective design and manufacture of the front-end loader and at the time of the accident, the issue whether a successor corporation who is not the employer is entitled to inherit the immunity from suit is squarely presented.

At the time the front-end loader was manufactured by GMC's Terex Division and delivered to the Harrison Radiator Division, neither Division was a separate entity or subsidiary corporation. Both were merely divisions within GMC. Thus, plaintiff was a GMC employee and, had that accident occurred before the Terex Division was sold to I.B.H. Holding, GMC could have asserted the exclusive remedy defense of Workers' Compensation Law § 11 in an action commenced against it by plaintiff *(see, Levensen v Berkey Professional Processing,* 122 AD2d 867; *Belinson v Sewer Dist. No. 16,* 65 AD2d 912). Although plaintiff continued to be employed by GMC at the time of his accident, Terex was no longer part of GMC. It became a separate entity when sold to I.B.H. Holding and continued to be a separate entity on the date of the accident. In *Billy,* the Court held that a predecessor corporation's liability as a tortfeasor is not cut off by the fortuitous acquisition of that corporation by the injured party's employer. The question here is whether the exclusive remedy defense is cut off by the fortuitous acquisition of the employer by a third party who was not the tortfeasor.

New York has rejected the "dual capacity" doctrine *(see, Billy v Consolidated Mach. Tool Corp., supra,* at 159-160). Thus, although GMC was both employer and alleged tortfeasor, its liability to plaintiff is based solely upon its status as an

---

3. There is no evidence that GMC, I.B.H. Holding, "New Terex" or Northwest Engineering Company was a New York domestic corporation at the time of the mergers and acquisitions involving the Terex operation. Thus, neither Business Corporation Law § 906 nor § 907 has application to a determination of the entitlement of Terex to inherit the immunity from suit.

employer *(see, Molinari v Kar-San Dev.,* 69 NY2d 910; *Hill v State of New York,* 157 Misc 2d 109, *affd* 209 AD2d 1007). Even assuming, arguendo, that Terex is a successor corporation and that it assumed the liabilities of GMC's Terex Division, Terex could assume no more liability than GMC had. Moreover, Terex would be entitled to inherit the correlative benefit of any immunity from suit or liability held by GMC. Because GMC is to be treated solely as an employer with respect to plaintiff's injury, we conclude that Terex inherited the immunity from suit provided in Workers' Compensation Law § 11 *(cf., Gurry v Cumberland Farms,* 406 Mass 615, 550 NE2d 127). That would have been the result had plaintiff continued in the employ of the successor and been injured while in such employ *(see, Kelley v DeKalb Energy Co.,* 865 SW2d 670 [Mo]). We perceive no sound reason to impose greater liability upon a successor corporation than that possessed by its predecessors solely by reason of the fortuitous fact that the injured party was not in the employ of the successor on the date of the accident.

Accordingly, the order of Supreme Court granting summary judgment dismissing the complaint against Terex should be affirmed.

DENMAN, P. J., GREEN, WESLEY and DOERR, JJ., concur.

Judgment unanimously affirmed, without costs.