FOURTH DEPARTMENT, SEPTEMBER, 2001

(September 28, 2001)

■ ERIE PETROLEUM, INC., Appellant, v COUNTY OF CHAUTAU-QUA, Respondent. (Appeal No. 1.) [730 NYS2d 470] —Order unanimously affirmed without costs. Memorandum: In appeal No. 1, Supreme Court properly granted defendant's motion seeking summary judgment dismissing the complaint. Contrary to the contention of plaintiff, its offer to purchase property obtained by defendant in a tax foreclosure sale was not accepted when the Chautauqua County Legislature enacted Resolution 18-2000. The Resolution merely authorized the County Executive to execute a deed; "it did not under these circumstances obligate him. Accepting a grant of authority is not the same as a requirement to exercise the authority. By signing the Resolution, the [County Executive] accepted the grant of authority to act, but he did not obligate himself to act in a specific manner. He did not give up the inherent discretion lodged in his office to later decide not to execute the grant" (*Buffalo & Fort Erie Pub. Bridge Auth. v City of Buffalo*, 182 Misc 2d 159, 162 [emphasis deleted]; *see, Cicalo v New York City Hous. & Dev. Admin.*, 79 Misc 2d 769, 773-774; *cf., Matter of Arcangel v Holling*, 258 App Div 180, 183-185). Without acceptance, there can be no binding and enforceable contract (*see, Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589, *rearg denied* 93 NY2d 1042).

In appeal No. 2, the court erred in awarding attorney's fees to plaintiff. " 'In New York the general rule is that each litigant is required to absorb the cost of his own attorney's fees and a defendant may not be required to pay plaintiff's attorney's fee in the absence of a contractual or statutory liability' " (*Umfrey v NeMoyer*, 184 AD2d 1047, 1048, quoting *Harradine v Board of Supervisors*, 73 AD2d 118, 121; *see, Hooper Assocs. v AGS Computers*, 74 NY2d 487, 491). There is neither a contractual nor a statutory basis for the award of attorney's fees to plaintiff in this case. Thus, we reverse the judg-

ment insofar as appealed from and delete the first decretal paragraph.

By failing to appeal from that part of the judgment awarding plaintiff costs, defendant waived its right to challenge that part of the judgment. It is well established that " '[a]n appeal from only part of an order [or judgment] constitutes a waiver of the right to appeal from the other parts of that order [or judgment]' " (*Sugar Cr. Stores v Pitts*, 198 AD2d 833, quoting *Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Burns, JJ.