OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
*110 Plaintiffs action seeks damages resulting from defendant’s alleged failure to make repairs under the new home implied warranty of merchantability, set forth in article 36-B of the General Business Law. Section 777-a (4) (a) thereof imposes a notice requirement as a condition precedent to a buyer’s right to commence a suit for a breach of the warranty. The notice requirement dictates that a claim of breach of warranty be in writing and received by the builder no later than 30 days after expiration of the applicable warranty period. In the case at bar, plaintiff testified that she did not provide defendant with said notice. However, defendant did not raise the plaintiffs failure to provide a written notice in his answer, nor did he move for dismissal on said ground prior to, or during, the trial. In any event, defendant had actual notice of the complained of condition inasmuch as he dispatched staff to view the premises, investigate plaintiffs complaints and attempt to correct the problem by making certain repairs (see Gorsky v Triou’s Custom Homes, 194 Misc 2d 736, 747 [2002]). Under the circumstances, defendant is deemed to have waived his right to receive a written notice pursuant to General Business Law § 777-a (4) (a). The other issues raised on this appeal were considered, and found to be without merit.
Pesce, RJ., Golia and Rios, JJ., concur.