■ Donald S. Ross, Appellant, v Nestle Prepared Foods Company, Inc., Respondent, et al., Defendants. [801 NYS2d 193]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered October 7, 2004. The order granted the motion of defendant Nestle Prepared Foods Company, Inc. to dismiss the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, an employee of Nestle Prepared Foods Company, Inc. (defendant), commenced this action seeking damages for injuries he sustained while cleaning a machine at work. Supreme Court properly granted the motion of defendant seeking dismissal of the amended complaint against it based on the exclusivity provisions of Workers' Compensation Law § 11. Plaintiff contends that the "dual capacity doctrine" should be applied herein because defendant designed the machine for the exclusive use of its employees. We reject that contention (see generally Reich v Manhattan Boiler & Equip. Corp., 91 NY2d 772, 779-780 [1998]; Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 160 [1980], rearg denied 52 NY2d 829 [1980]; Kubiszyn v Terex Div. of Terex Corp., 212 AD2d 93, 96-97 [1995], lv denied 86 NY2d 711 [1995]). Present—Scudder, J.P., Martoche, Pine and Hayes, JJ.