# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1023**
**CA 11-00169**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

TRACY PRESTON, AS ADMINISTRATOR OF THE
ESTATE OF ERIC S. LEHMAN, DECEASED,
PLAINTIFF-RESPONDENT,

V                                                    OPINION AND ORDER

APCH, INC., ALSTOM POWER, INC., AND
COMBUSTION ENGINEERING, INC.,
DEFENDANTS-APPELLANTS.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JEFFREY F. BAASE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LAWRENCE A. SCHULZ, ORCHARD PARK, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Allegany County (James E. Euken, A.J.), entered May 14, 2010. The order, insofar as appealed from, denied in part the motion of defendants to dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Opinion by FAHEY, J.: Plaintiff commenced this action seeking damages for the wrongful death and conscious pain and suffering of plaintiff's decedent resulting from an accident that occurred while he was an employee of defendant Alstom Power, Inc. (Alstom). Defendants moved to dismiss the amended complaint against them, and Supreme Court granted that part of the motion with respect to the seventh cause of action against the three defendants to the extent that it seeks discovery, a procedural rather than a substantive remedy, and thus "fails to state a claim for which relief may be granted."

The primary issue before us on appeal is whether the court properly denied those parts of defendants' motion seeking dismissal of the remainder of the amended complaint against defendants APCH, Inc. (APCH) and Alstom, pursuant to CPLR 3211 (a) (1). We conclude, under the facts presented here, that the court properly denied those parts of the motion. In addition, we conclude that the court properly denied those parts of the motion with respect to defendant Combustion Engineering, Inc. (CEI).

I

On August 26, 2008, decedent was one of two welders assigned during the course of their employment to participate in the assembly of a rotor compartment weighing approximately five tons at an industrial facility in Wellsville (hereafter, plant). Decedent was positioned in front of the rotor compartment and was inspecting his work when the compartment fell from its stands. The compartment pinned decedent to the floor. His injuries were fatal. At the time of the accident, decedent was employed by Alstom, a Delaware corporation authorized to do business in New York.

The most significant question before us concerns which defendant owned the plant at the time of the accident. The plant was conveyed on July 31, 2002 to APCH, a Delaware corporation that was not authorized to do business in New York. APCH was a wholly-owned subsidiary of Alstom at the time of the conveyance. On August 13, 2007, Alstom merged with APCH and succeeded to the ownership of all of the assets, liabilities and obligations of APCH. A certificate of ownership reflecting the merger was filed with the Delaware Secretary of State on that date. However, there was no filing concerning the merger with the New York Secretary of State prior to the accident. Likewise, no deed or other record of conveyance transferring the plant from APCH to any person or entity was filed in the Allegany County Clerk's Office between July 31, 2002 and the time of the accident. Also noteworthy is the fact that CEI, a Delaware corporation authorized to do business in New York, previously had filed for bankruptcy and had been reorganized pursuant to chapter 11 of the Bankruptcy Code (11 USC). According to plaintiff, he was unable to resolve the issue whether the assets of APCH had been transferred to CEI after the bankruptcy reorganization of CEI and before the accident.

Plaintiff, decedent's father, was appointed administrator of decedent's estate following the accident, and he initially commenced this action by filing a summons and complaint against APCH. APCH made a pre-answer motion to dismiss the complaint, but before the return date thereof plaintiff filed an amended complaint naming APCH, Alstom and CEI as defendants and asserting against all defendants causes of action for, inter alia, negligence, violation of the Labor Law and conscious pain and suffering. Plaintiff also asserted a cause of action against Alstom, alleging that the exclusivity provisions of the Workers' Compensation Law do not apply to Alstom and that Alstom is liable to plaintiff based on its assumption of the obligations and liabilities of APCH. In that cause of action, plaintiff further alleged that he had been unable to determine whether ownership interest in the plant had been transferred to CEI after the bankruptcy reorganization of that corporation, and he sought disclosure of those corporate records of defendants necessary to determine the issue of the ownership of the plant.

In a pre-answer motion, defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1), contending that Workers' Compensation Law § 11 bars plaintiff's action against Alstom, and that plaintiff is not entitled to recover from APCH because ownership of the plant was transferred from APCH to Alstom at the time of the

merger, which preceded the date of the accident. Defendants also sought relief pursuant to CPLR 3211 (a) (7), contending that the amended complaint should be dismissed against CEI given what defendants characterized as the absence of a factual basis for the allegation that CEI owned the plant. The court, as relevant to this appeal, granted the motion only to the extent that it sought dismissal of that part of the seventh cause of action seeking disclosure of all of defendants' corporate records necessary to determine the issue of the ownership of the plant.

II

We are first confronted with a procedural issue. In their notice of appeal, defendants specified that the appeal is from "each and every part of the . . . [o]rder . . . [that] denied the defendants' motion to dismiss the plaintiff's complaint in its entirety." Plaintiff contends that, by referencing only the complaint rather than the amended complaint, defendants waived their right to challenge that part of the order denying the motion to dismiss the amended complaint in its entirety (see *Erie Petroleum v County of Chautauqua*, 286 AD2d 854, 855). That contention lacks merit. " '[W]hen an amended complaint has been served, it supersedes the original complaint and becomes the only complaint in the case' " (*Aikens Constr. of Rome v Simons*, 284 AD2d 946, 947). Consequently, the second of the two pre-answer motions to dismiss, which was made on behalf of all defendants, was properly before the court after plaintiff served the amended complaint, and in that motion defendants were not required to specify that their challenge was to the amended complaint rather than the original complaint because there was only one active complaint, i.e., the amended complaint. We note in addition that the second of the two pre-answer motions was made by the three defendants named in the amended complaint, whereas the original complaint named only one of the three defendants.

III

Turning to the merits, defendants contend that the court erred in denying that part of the motion with respect to APCH because APCH did not own the plant at the time of the accident and thus cannot be held liable on that basis, and because APCH cannot be sued inasmuch as it no longer exists as a corporate entity. We reject those contentions.

Addressing first the contention that APCH did not own the plant at the time of the accident, we note that article 9 of the Business Corporation Law governs merger or consolidation, and that mergers involving foreign corporations are addressed in Business Corporation Law § 907. That section, however, is self-limiting to the extent that it addresses mergers involving only "[o]ne or more foreign corporations and one or more domestic corporations" (§ 907 [a]). By virtue of that restriction, section 907 does not govern the merger in this case, which involved two Delaware corporations (see *Kubiszyn v Terex Div. of Terex Corp.*, 212 AD2d 93, 96 n 3, *lv denied* 86 NY2d 711; *cf.* § 1319 [a] [6]).

In view of the inapplicability of New York law to the merger, as opposed to the property transfer, we turn to Delaware law to determine when the merger became effective.  In order for Delaware corporations to effectuate a merger under Delaware law, each corporation must have its board of directors adopt a resolution approving the merger (*see* Del Code Ann, tit 8, § 251 [b]), and the surviving corporation must thereafter file either an agreement of merger or a certificate of merger with the Delaware Secretary of State (*see* tit 8, §§ 103, 251 [c], [f], [g]).  Once the agreement of merger or certificate of merger is properly filed, the merger is deemed effective upon the date of its filing (*see* tit 8, § 103 [d]; § 251 [d]).  Here, the record establishes that Alstom, the surviving corporation, filed a signed and dated "certificate of ownership and merger" with the Delaware Secretary of State on August 13, 2007 and, because the certificate did not provide otherwise (*see* tit 8, § 103 [d]), the merger became effective at that time (*see Termine v Continental Baking Co.*, 299 AD2d 406).

Nevertheless, the fact that the merger was effective prior to the date of the accident does not necessitate the conclusion that the plant was conveyed by APCH to Alstom upon the date of the merger.  On this point, there is apparent discord between the laws of Delaware and New York with respect to such timing.  Pursuant to Delaware law, when a merger becomes effective, property previously held by the non-surviving corporation vests in the surviving corporation (*see* Del Code Ann, tit 8, § 259 [a]).  Likewise, New York law provides that "[a] foreign corporation . . . may convey [real property in this state] by deed or otherwise in the same manner as a domestic corporation" (Business Corporation Law § 1307), and domestic corporations are permitted to convey real property by merger (*see* § 906 [b] [2]).  In addition to requiring that a "certificate of merger" must be filed with the Department of State once the constituent corporations agree upon a merger plan (*see* § 904 [a]), however, Business Corporation Law § 904 (b) further requires the surviving corporation to "cause a copy of such certificate, certified by the department of state, to be filed . . . in the office of the official who is the recording officer of each county in this state in which real property of a constituent corporation, other than the surviving corporation, is situated."  Indeed, Business Corporation Law § 906, entitled "Effect of merger or consolidation," contains language indicating that a merger is not accomplished absent the filing of the certificate of merger with the Department of State, to wit:  "Upon the filing of the certificate of merger . . . by the department of state or on such date subsequent thereto, not to exceed thirty days, as shall be set forth in such certificate, the merger or consolidation shall be effected" (§ 906 [a]).

"The rule is that the validity of a conveyance of a property interest is governed by the law of the place where the property is located" (*James v Powell*, 19 NY2d 249, 256-257, *rearg denied* 19 NY2d 862), and New York law thus controls our analysis of the issue whether the merger caused the plant to be conveyed from APCH to Alstom on the date on which the merger became effective.  As noted, under New York law, domestic corporations may convey real property by merger

(*see* Business Corporation Law § 906 [b] [2]), but the merger, and thus the conveyance, is not effective in the absence of both filings with the Department of State (*see* § 904 [a]) and "the recording officer of each county in this state in which real property of a constituent corporation, other than the surviving corporation, is situated" (§ 904 [b]).  Here, no such filings were made, and APCH thus failed to comply with the requirements for domestic corporations to convey property by way of merger.

We next turn to the contention that APCH cannot be held liable because it did not exist as a corporate entity at the time of the accident.  A corporation merged out of existence typically "cease[s] to exist as a separate entity, and may no longer be a named party in litigation" (*Westside Fed. Sav. & Loan Assn. of N.Y. v Fitzgerald*, 136 AD2d 699; *see Zarzycki v Lan Metal Prods. Corp.*, 62 AD3d 788, 789; *Sheldon v Kimberly-Clark Corp.*, 105 AD2d 273, 276, *appeal dismissed* 65 NY2d 691).  Here, however, neither APCH nor Alstom provided notice of the merger as required by the Business Corporation Law for domestic corporations to effect a transfer of real property by merger.  For this Court to conclude that APCH and its successor in interest, Alstom, are immune from suit in spite of those failings would render illusory the Business Corporation Law's requirements for conveyance of real property by merger.  Consequently, under the facts presented here, APCH is not immune from suit on the ground that it no longer exists as a corporate entity.

IV

Defendants further contend that the court erred in denying that part of the motion seeking dismissal of the amended complaint against Alstom on the ground that Workers' Compensation Law § 11 precludes plaintiff, Alstom's employee, from bringing an action against Alstom. Once again, we cannot agree with defendants.

Generally, " 'the sole remedy of an employee . . . injured in the course of employment against his [or her] . . . employer is recovery under the Workers' Compensation Law' " (*Testerman v Zielinski*, 68 AD3d 1751, 1752; *see* Workers' Compensation Law § 11; *Riggins v Stong*, 238 AD2d 950).  There is, however, a narrow exception to that rule that was set forth in *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152, 162, *rearg denied* 52 NY2d 829), i.e., that an employer that voluntarily assumes the assets, obligations and liabilities of a third-party tortfeasor cannot avail itself of the exclusivity provision of Workers' Compensation Law § 11 (*see Oliver v N.L. Indus.*, 170 AD2d 959, 960).

Here, the court properly determined that the *Billy* exception applies.  As in *Billy*, the merger at issue occurred before the accident, and the surviving corporation employed decedent (*see Billy*, 51 NY2d at 156-158).  Moreover, similar to *Billy*, plaintiff seeks damages from decedent's employer, i.e., Alstom, on the ground that the employer is ineligible for the exclusivity provisions of the Workers' Compensation Law and liable to plaintiff because it independently assumed the assets, obligations and liabilities of a predecessor

corporation, i.e., APCH, through a merger.  The fact that Alstom happened to be decedent's employer at the time of the accident is of no moment, inasmuch as the obligation giving rise to this lawsuit is not the employment relationship between Alstom and decedent but, rather, the controlling factor is the "independent business transaction" between Alstom and APCH (*id.* at 161).

Were we to conclude that defendants are contending that the denial of that part of the motion seeking dismissal of the amended complaint against Alstom violates the " 'dual capacity' " doctrine, and were we to conclude that such contention is properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985), we note that such a contention was rejected as fundamentally unsound in *Billy* (51 NY2d at 158).  Indeed, the Court of Appeals in *Billy* rejected that doctrine as contrary to the legislative plan embodied in Workers' Compensation Law § 11 (*see id.* at 160) and, in any event, this case falls squarely into the *Billy* exception discussed above, i.e., that Alstom is liable because it voluntarily assumed the assets, obligations and liabilities of APCH.

V

Finally, we conclude that there is no merit to defendants' further contention that the court should have dismissed the amended complaint in its entirety against CEI as failing to state a cause of action against CEI.  On a motion pursuant to CPLR 3211 (a) (7), we must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . '[T]he criterion is whether [plaintiff] has a cause of action, not whether he [or she] has stated one' " (*Leon v Martinez*, 84 NY2d 83, 87-88; *see Burton v Matteliano*, 81 AD3d 1272, 1274, *lv denied* 17 NY3d 703).

Applying that standard of review, we conclude that the court did not err in refusing to grant in its entirety defendants' motion with respect to CEI.  Here, the amended complaint alleges that all defendants are liable for causing decedent's death.  Specifically, the amended complaint alleges that decedent was fatally injured during the "construction, erection, alteration, repair and inspecting" of the compartment on *defendants'* property, that *defendants* were both negligent and grossly negligent in several ways with respect to the performance of the injury-producing work, and that *defendants* violated specified provisions of the Labor Law.  Plaintiff further alleged that Alstom had issued a resolution pursuant to which it planned to transfer the property of APCH subsequent to the completion of CEI's bankruptcy reorganization and that plaintiff had not been able to determine whether such property had in fact been transferred.

Put differently, the amended complaint alleges that CEI is liable by virtue of its status as the owner of the premises on which the accident occurred, and addresses the possibility that CEI acquired an interest in the plant prior to the accident.  Consequently, the court properly determined that CEI is not entitled to dismissal of the

remaining causes of action against it pursuant to CPLR 3211 (a) (7). We cannot agree with defendants to the extent they contend that the amended complaint against CEI should be dismissed because the allegations set forth therein are insufficiently particular to state a cause of action.  In our view, the amended complaint is sufficient to advise the court and defendants of the transactions and occurrences intended to be proved (*see* CPLR 3013).

                                    VI

Accordingly, we conclude that the order should be affirmed.

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court