# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**772**

**CAF 12-01066**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF LAURA M. SCHULTZ,
PETITIONER-APPELLANT,

V                                            MEMORANDUM AND ORDER

KARL F. SCHULTZ, RESPONDENT-RESPONDENT.
(APPEAL NO. 2.)

---

PETER P. VASILION, WILLIAMSVILLE, FOR PETITIONER-APPELLANT.

THOMAS A. DEUSCHLE, ATTORNEY FOR THE CHILD, WEST SENECA.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered January 19, 2012. The order granted the motion of respondent to dismiss the amended petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion to dismiss the amended petition is denied, the amended petition is reinstated and the matter is remitted to Family Court, Erie County, for a hearing on the amended petition.

Memorandum: Petitioner mother appeals from orders dismissing her violation petition (appeal No. 1), granting the motion of respondent father to dismiss the amended violation petition (appeal No. 2), and dismissing the amended violation petition (appeal No. 3). We dismiss the appeal from the order in appeal No. 1 because the amended petition superseded the original petition (*see Matter of Stewart v Zigmant* [appeal No. 1], 198 AD2d 883, 883; *see also Preston v APCH, Inc.*, 89 AD3d 65, 69). With respect to appeals No. 2 and 3, we agree with the mother that Family Court erred in dismissing her amended petition without a hearing "inasmuch as the [amended] petition alleges sufficient factual and legal grounds to establish a violation of [a] prior order" (*Matter of Warrior v Beatman*, 79 AD3d 1770, 1770-1771, *lv denied* 16 NY3d 819; *see Matter of Lisa B.I. v Carl D.I.*, 46 AD3d 1451, 1451; *Matter of Zelodius C. v Danny L.*, 39 AD3d 320, 320). Moreover, we note that the father's submissions in support of his motion to dismiss do not address all of the allegations in the mother's amended petition. In light of our determination, we do not consider the mother's remaining contention.

Entered: June 14, 2013                         Frances E. Cafarell
                                               Clerk of the Court