# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**521**

**CA 12-02114**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

JOHN C. RICH, DOING BUSINESS AS RICH HOME
BUILDING & DEVELOPMENT, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

GREG ORLANDO AND LISA ORLANDO,
DEFENDANTS-RESPONDENTS.

---

RALPH W. FUSCO, UTICA, FOR PLAINTIFF-APPELLANT.

WILLIAM M. BORRILL, NEW HARTFORD (JEFFREY T. LOTTERMOSER, JR., OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Patrick
F. MacRae, J.), entered October 25, 2012. The order denied the motion
of plaintiff for partial summary judgment dismissing defendants'
counterclaims.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
in part, the second and third counterclaims are dismissed, and the
matter is remitted to Supreme Court, Oneida County, for further
proceedings on the first counterclaim in accordance with the following
Memorandum: Plaintiff appeals from an order denying his motion for
partial summary judgment dismissing defendants' counterclaims. In
2003, the parties entered into a custom home building contract
(contract), pursuant to which plaintiff agreed to build a home for
defendants. The contract stated that the only warranty provided with
respect to the home was the housing merchant implied warranty, which
is set forth in General Business Law § 777-a. After defendants moved
into their new home in 2004, plaintiff continued to work on the home
by repairing certain purported defects in the construction. After
defendants refused to pay the final amount alleged to be due under the
contract, plaintiff commenced this action contending, inter alia, that
defendants breached the contract and, in response, defendants asserted
three counterclaims, for breach of the implied warranty, negligence,
and fraud. Plaintiff moved for partial summary judgment dismissing
the counterclaims, and he appeals from the order denying the motion in
its entirety.

Although with respect to the first counterclaim, for breach of
the housing merchant implied warranty, we agree with plaintiff that
defendants failed to provide written notice of the alleged defects,
which is a constructive condition precedent to asserting such a

counterclaim (*see* General Business Law § 777-a [4] [a]; *Harris v Whalen*, 90 AD3d 708, 708; *Trificana v Carrier*, 81 AD3d 1339, 1340; *Lantzy v Advantage Bldrs., Inc.*, 60 AD3d 1254, 1254-1255), plaintiff waived the written notice requirement by addressing the defects after receiving defendants' oral notification of those defects (*see Benfeld v Fleming Props., LLC*, 15 Misc 3d 1133[A], 2007 NY Slip Op 50970[U], *2; *Randazzo v Zylberberg*, 4 Misc 3d 109, 110; *cf. Lupien v Bartolomeo*, 5 Misc 3d 1025[A], 2004 NY Slip Op 51533[U], *9; *see generally Pesca v Barbera Homes, Inc.*, 35 Misc 3d 747, 760-761).  We reject plaintiff's contention that written notice of the alleged defects was an express condition precedent that was bargained for by the parties and could therefore not be waived.  Contrary to plaintiff's contention, the requirements of General Business Law § 777-a, including the written notice requirement, are implied in every contract for the sale of a new home as a matter of public policy (§ 777-a [5]) and thus may be applied by the courts "to do justice and avoid hardship" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691).

Plaintiff further contends that defendants failed to interpose their breach of warranty counterclaim within the applicable limitations period.  Pursuant to General Business Law § 777-a, "if the builder makes repairs in response to a warranty claim under [subdivision 777-a (4) (a)], an action with respect to such claim may be commenced within one year after the last date on which such repairs [were] performed" (§ 777-a [4] [b]).  A counterclaim is deemed to be interposed at the time the "claims asserted in the complaint were interposed," which in this case was May 6, 2009 (CPLR 203 [d]).  The record establishes that plaintiff and his employees were working on repairing the alleged defects in the new home until May or June 2008.  The record, however, does not conclusively establish the date on which plaintiff last performed repairs on the home with respect to each specific defect.  Thus, Supreme Court erred in failing to order an immediate trial on that issue inasmuch as a limited trial would have been "appropriate for the expeditious disposition" of a substantial portion of this controversy (CPLR 3212 [c]).  We therefore remit this matter to Supreme Court to decide that part of the motion for partial summary judgment dismissing the first counterclaim after an immediate trial on the statute of limitations issue (*see generally Matter of Bronx-Lebanon Hosp. Ctr. v Daines*, 101 AD3d 1431, 1434).

Finally, we agree with plaintiff that defendants' second and third counterclaims, sounding in negligence and fraud, should have been dismissed.  It is well settled that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389; *see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551; *Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 86 AD3d 919, 919-920; *Gallup v Summerset Homes, LLC*, 82 AD3d 1658, 1660).  Here, defendants' counterclaims for negligence and fraud "are not viable because there is no duty owed by [plaintiff] that is independent of the contract" (*Gallup*, 82 AD3d at 1660).  In any event, we further note that, inasmuch as attorney's fees "incurred in

carrying on a lawsuit" are generally not recoverable as damages without a specific contractual provision or statutory authority authorizing such a recovery, both of which are absent here, the third counterclaim should have been dismissed because "no cognizable claim for damages is alleged" (*Coopers & Lybrand v Levitt*, 52 AD2d 493, 496; *see also Gorman v Fowkes*, 97 AD3d 726, 727).

Entered:  July 5, 2013                        Frances E. Cafarell
                                              Clerk of the Court