# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**259**
**CA 14-01722**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

JOHN C. RICH, DOING BUSINESS AS RICH HOME
BUILDING AND DEVELOPMENT, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

GREG ORLANDO AND LISA ORLANDO,
DEFENDANTS-APPELLANTS.

---

WILLIAM M. BORRILL, NEW HARTFORD, FOR DEFENDANTS-APPELLANTS.

RALPH W. FUSCO, UTICA, FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered January 24, 2014. The judgment dismissed the first counterclaim stated in defendants' answer.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action to recover the unpaid balance allegedly due from defendants under a custom home building contract. In their answer, defendants asserted, inter alia, a counterclaim for breach of the housing merchant implied warranty (first counterclaim), and defendants now appeal from a judgment dismissing that counterclaim. On a prior appeal, we granted those parts of plaintiff's summary judgment motion seeking dismissal of two other counterclaims, and we remitted the matter to Supreme Court for a trial to determine the last date on which plaintiff performed repairs on defendants' home with respect to each defect raised by defendants in the first counterclaim, thereby allowing the court to determine whether defendants raised the first counterclaim within the applicable limitations period (*Rich v Orlando*, 108 AD3d 1039). On remittal, and insofar as relevant to this appeal, the court concluded that plaintiff had last performed repairs on the alleged defect on the back deck of defendants' home in June 2006, almost three years prior to the filing of the complaint. The court therefore dismissed the first counterclaim as time-barred under General Business Law § 777-a (4) (b).

We reject defendants' contention that the doctrine of equitable estoppel should preclude plaintiff from asserting the statute of limitations as a defense. The doctrine of equitable estoppel requires "three elements on the part of the party estopped: (1) conduct which is calculated to convey the impression that the facts are otherwise

than, and inconsistent with, those which the party subsequently attempts to assert; (2) intent that such conduct (representation) will be acted upon; and (3) knowledge, actual or constructive, of the true facts. The elements pertaining to the party asserting estoppel are (1) lack of knowledge of the true facts; (2) good faith reliance; and (3) a change of position" (*Holm v C.M.P. Sheet Metal*, 89 AD2d 229, 234-235; *see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553). Here, the evidence established that plaintiff did not conduct any repairs to the alleged defects to the back deck area of the house after June 2006, despite the continuance of leaking water in that area. Although both defendants testified at trial that they continued to notify plaintiff of leaks after the June 2006 repairs, neither defendant testified that plaintiff made any representations that he would correct the defect. To the contrary, the evidence established that plaintiff informed defendants that the water leak problem had been fixed, but that defendants knew that such assertion was false. Thus, there is no evidence that defendants "lack[ed] knowledge of the true facts," or that they relied in good faith on plaintiff's statements that the problem had been fixed, and the "essential element" of detrimental reliance "is lacking on the record before us" (*Holm*, 89 AD2d at 235).

We reject defendants' further contention that applying the statute of limitations to bar their first counterclaim is against public policy. The application of the statute of limitations in this matter is consistent with its purpose, which is "to afford protection to [a party] against defending stale claims after a reasonable period of time ha[s] elapsed during which a person of ordinary diligence would [have brought] an action" (*Flanagan v Mount Eden Gen. Hosp.*, 24 NY2d 427, 429; *see Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593, 596-597).

Entered: May 1, 2015                                    Frances E. Cafarell
                                                        Clerk of the Court