# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1217**

**CA 15-01673**

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

NORMAN JOHN PERRY, AS EXECUTOR OF THE ESTATE
OF NORMAN M. PERRY, DECEASED, AND THE ESTATE
OF NORMAN M. PERRY, DECEASED, AND NORMAN JOHN
PERRY, AS EXECUTOR OF THE ESTATE OF WANDA M.
PERRY, DECEASED, AND THE ESTATE OF WANDA M.
PERRY, DECEASED, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

JAMES W. EDWARDS AND DIANNE L. EDWARDS,
DEFENDANTS-RESPONDENTS.

---

MICHAEL J. WRONA, BUFFALO, FOR PLAINTIFF-APPELLANT.

LAWRENCE A. SCHULZ, ORCHARD PARK, FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered March 10, 2015. The judgment awarded defendants money damages upon a nonjury verdict.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the counterclaims are dismissed.

Memorandum: Plaintiff's decedents commenced this RPAPL article 15 action seeking a determination that they were the sole owners of a wedge-shaped strip of property between their parcel of property and defendants' adjacent parcel of property. On the first of two prior appeals, this Court affirmed that part of an order granting the motion of defendants for summary judgment insofar as it sought dismissal of the cause of action based on the deeds to the properties (*Perry v Edwards*, 79 AD3d 1629, 1630). We further concluded on the first appeal that plaintiff's decedents raised a triable issue of fact whether they had gained title to the strip by adverse possession, and we deemed the amended complaint to be further amended to assert that cause of action (*id.* at 1631). On the second prior appeal, we affirmed an order granting the motion of defendants for summary judgment dismissing the second amended complaint in its entirety, including the cause of action for adverse possession (*Perry v Edwards*, 118 AD3d 1346). Plaintiff now appeals from a judgment that, insofar as relevant to this appeal, awarded money damages to defendants after a nonjury trial on their counterclaims seeking, inter alia, counsel fees and litigation costs.

We agree with plaintiff that Supreme Court improperly awarded counsel fees and litigation costs to defendants, and we therefore reverse.  The general rule in New York is that litigants are required to absorb their own counsel fees and litigation costs unless there is a contractual or statutory basis for imposing them (*see Larsen v Rotolo*, 78 AD3d 1683, 1683-1684), and "[t]here is neither a contractual nor a statutory basis for the award of [counsel] fees to [defendants] in this case" (*Erie Petroleum v County of Chautauqua*, 286 AD2d 854, 854).  Furthermore, although a court may award counsel fees as a sanction for frivolous conduct pursuant to 22 NYCRR 130-1.1, it may do so "only upon a written decision setting forth the conduct on which the award . . . is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded . . . to be appropriate" (22 NYCRR 130-1.2; *see Matter of Gigliotti v Bianco*, 82 AD3d 1636, 1638).  Here, defendants did not seek sanctions for frivolous conduct, and the court did not issue a written decision or make any finding that plaintiff or decedents engaged in such conduct.  Furthermore, we conclude that the counterclaim seeking to recover counsel fees failed to state a cause of action inasmuch as defendants did not allege any proper basis upon which such fees would be recoverable.  We therefore dismiss the counterclaims (*see Rich v Orlando*, 108 AD3d 1039, 1041; *Dune Deck Owners Corp. v Liggett*, 85 AD3d 1093, 1096).  Plaintiff's alternative contention concerning the amount of the judgment is academic in light of our determination.

Finally, we note that defendants' cross appeal from the judgment was deemed abandoned and dismissed pursuant to 22 NYCRR 1000.12 (b), and thus defendants' contention that the court improperly reduced the amount of damages is not properly before us.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court