Matter of Clifford (2022 NY Slip Op 02657)

Matter of Clifford

2022 NY Slip Op 02657

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.

82 CA 21-00916

[*1]IN THE MATTER OF THE ESTATE OF GERALD R. CLIFFORD WILLIAM N. CLIFFORD AND JAMES E. MORRIS, ESQ., AS CO-EXECUTORS OF THE ESTATE OF GERALD R. CLIFFORD, DECEASED, PETITIONERS-RESPONDENTS; DANIEL CLIFFORD, RESPONDENT-APPELLANT.

HARTER SECREST & EMERY LLP, ROCHESTER (JERAULD E. BRYDGES OF COUNSEL), FOR RESPONDENT-APPELLANT.

 Appeal from a decree of the Surrogate's Court, Monroe County (John M. Owens, S.), entered December 16, 2020. The decree judicially settled the final account of the executors of the Estate of Gerald R. Clifford, deceased. 
It is hereby ORDERED that the decree so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from a final decree judicially settling the amended account of the executors of the Estate of Gerald R. Clifford (Estate), respondent contends that Surrogate's Court erred in concluding that he lacked standing to seek an accounting of the Estate. We conclude that the final decree should be affirmed.
When Gerald R. Clifford (decedent) passed away, he left behind a spouse and three children, including respondent. Pursuant to the terms of the will filed with the Surrogate, which are undisputed and of which we take judicial notice via NYSCEF (see 1591 Second Ave. LLC v Metropolitan Transp. Auth., 202 AD3d 582, 583 [1st Dept 2022]; Samuels v Montefiore Med. Ctr., 49 AD3d 268, 268 [1st Dept 2008]; cf. Matter of Carano, 96 AD3d 1556, 1556 [4th Dept 2012]; see generally Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 19-21 [2d Dept 2009]), decedent left all of his tangible personal property to his spouse. With respect to everything else, decedent made a
" 'Formula Gift' " to a "By-Pass Trust," giving "a fractional share equal to [his] Estate Tax Exemption to the Trustees of the By-Pass Trust." Pursuant to the terms of the By-Pass Trust, decedent's spouse and descendants were income beneficiaries of the trust and, upon the spouse's death, the property in the By-Pass Trust was to be distributed to decedent's descendants.
Respondent sought to compel an accounting of the Estate and filed voluminous discovery demands on the Estate. For several months, the Estate indicated an intent to respond to the demands, but it thereafter objected to the demands as "overly broad, unduly burdensome, and/or designed solely to harass." The Estate then filed a motion seeking, inter alia, to vacate respondent's discovery demands, contending that respondent lacked standing to proceed against the Estate inasmuch as he was merely a trust beneficiary, not an actual beneficiary or executor of the Estate. The Surrogate concluded that respondent lacked standing and that the Estate had not waived its right to assert standing as a defense to the discovery demands. Based on that determination, the Surrogate dismissed respondent's discovery demands and issued its final decree.
On this appeal, respondent contends that, as a remainderperson and permissible recipient of income and principal of the By-Pass Trust, he had standing as a "person interested" in the [*2]Estate to compel an accounting of the Estate under SCPA 2205 (2) (b). We reject that contention.
Unlike SCPA 1410, only certain parties may seek a compulsory accounting of an estate under SCPA 2205 (2). One of them is a "person interested" in the estate (SCPA 2205 [2] [b]). Pursuant to SCPA 103 (39), a "person interested" in an estate is "[a]ny person entitled or allegedly entitled to share as beneficiary in the estate or the trustee in bankruptcy or receiver of such person" (emphasis added). In our view, the By-Pass Trust, and not respondent, is the entity that is "entitled to share as beneficiary in the estate" (id.; cf. Benjamin v Morgan Guar. Trust Co. of N.Y., 163 AD2d 135, 136-137 [1st Dept 1990]).
Subject to certain exceptions not relevant here, "the beneficiaries of bequests in trust such as [respondent] do not normally need to be made parties [to an accounting under SCPA 2210] due to the fact that they are represented by their trustee (SCPA 2210 [7]). That trustee actually represents the persons interested in the trust and remains accountable to them on the trustee's accounting if there is a failure to properly protect their interest" (Matter of Ziegler, 157 Misc 2d 423, 427 [Sur Ct, NY County 1993]; see Matter of Hunter, 6 AD3d 117, 123 [2d Dept 2004], affd 4 NY3d 260 [2005]). Inasmuch as the trustees are the real parties interested in the administration of the estate, and there is a well-recognized need to avoid "vexatious litigation" (Alco Gravure, Inc. v Knapp Found., 64 NY2d 458, 466 [1985]), we conclude that the Surrogate properly determined that respondent lacked standing to seek an accounting from the Estate.
Contrary to respondent's further contention, we conclude that the Estate did not waive its right to assert the issue of standing inasmuch as it has not yet filed a responsive pleading or a preanswer motion to dismiss (see CPLR 3211 [e]; cf. Matter of Santoro v Schreiber, 263 AD2d 953, 953 [4th Dept 1999], appeal dismissed 94 NY2d 817 [1999]; see generally US Bank N.A. v Nelson, 36 NY3d 998, 999 [2020]). Respondent further contends that the Estate is estopped from claiming that it should be relieved of its obligation to produce requested documents. Inasmuch as that contention is raised for the first time on appeal, we conclude that the contention is not preserved for our review (see Earley v Town of Allegany, 298 AD2d 906, 907 [4th Dept 2002], lv denied 7 NY3d 713 [2006]). In any event, we further conclude that the contention lacks merit inasmuch as respondent failed to establish that he changed his position in reliance on the Estate's representations (see Wilson v City of Buffalo, 298 AD2d 994, 995-996 [4th Dept 2002], lv denied 99 NY2d 505 [2003]; see generally Rich v Orlando, 128 AD3d 1330, 1331 [4th Dept 2015]).
In light of our determination, respondent's remaining contention is moot.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court