SECOND DEPARTMENT, APRIL, 2016

(April 6, 2016)

■ ANTHONY TRANCHINA GENERAL CONTRACTING CORP., Appellant, v GRECO BROS. READY MIX CONCRETE CO., INC., Respondent. [29 NYS3d 450]—

In an action, inter alia, to recover damages for breach of contract, fraud, and a violation of General Business Law § 349, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated November 22, 2013, as granted those branches of the defendant's motion which were for summary judgment dismissing, as time-barred, so much of the second cause of action as sought to recover damages for conduct allegedly committed prior to August 2, 2009, and for summary judgment dismissing the fourth cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing, as time-barred, so much of the second cause of action as sought to recover damages for conduct allegedly committed prior to August 2, 2009, and substituting therefore a provision denying

that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On August 2, 2010, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, fraud, and a violation of General Business Law § 349, alleging that it entered into a series of contracts with the defendant between 2002 and 2010, for the purchase of concrete. The plaintiff claimed that the defendant supplied concrete that did not meet the specifications the plaintiff had ordered and that, as a result, the sidewalks and driveways it built for approximately 60 clients required replacement. The plaintiff further alleged that it had started replacing the concrete at its own expense. As pertinent here, the second cause of action alleged fraud and the fourth cause of action alleged a violation of General Business Law § 349. In the order appealed from, the Supreme Court, among other things, granted those branches of the defendant's motion which were for summary judgment dismissing, as time-barred, so much of the second cause of action as sought to recover damages for conduct allegedly committed prior to August 2, 2009, and for summary judgment dismissing the fourth cause of action.

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the fourth cause of action, alleging a violation of General Business Law § 349. The defendant established, prima facie, that the cause of action did not involve consumer-oriented deceptive practices, but was based on a private contract that is unique to the parties (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]; *Caterpillar Ins. Co. v Metro Constr. Equities*, 130 AD3d 856, 859 [2015]; *Biancone v Bossi*, 24 AD3d 582, 583 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Biancone v Bossi*, 24 AD3d at 583).

The Supreme Court, however, erred in granting that branch of the defendant's motion which was for summary judgment dismissing, as time-barred, so much of the second cause of action as sought to recover damages for conduct allegedly committed prior to August 2, 2009. Contrary to the defendant's contention, the second cause of action stated a cause of action to recover damages for fraud, not for an intentional tort. The defendant thus failed to demonstrate its prima facie entitlement to judgment as a matter of law on this issue, as its arguments were based on the one-year statute of limitations for intentional torts (*see* CPLR 215 [3]), not the longer limitations period applicable to fraud (*see* CPLR 213 [8]). That branch of its motion should therefore have been denied without regard to

the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The defendant's contention that the cause of action alleging fraud is duplicative of the cause of action alleging breach of contract is not properly before us since the defendant did not move to dismiss the fraud cause of action on this ground. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.