Matter of Gibbs v Manhattan Democratic Party N.Y. County Democratic Comm. (2024 NY Slip Op 02255)

Matter of Gibbs v Manhattan Democratic Party N.Y. County Democratic Comm.

2024 NY Slip Op 02255

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 157792/23 Appeal No. 2133 Case No. 2023-06550 

[*1]In the Matter of Eddie Gibbs, Petitioner-Appellant,
v
Manhattan Democratic Party — New York County Democratic Committee, et al., Respondents-Respondents.

Advocates for Justice, Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Darren R. Marks of counsel), for Manhattan Democratic Party — New York County Democratic Committee, respondents.
Law Office of Ali Najmi, New York (Ali Najmi of counsel), for Nina Saxon and Marlin Ruiz, respondents.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about October 17, 2023, which denied and dismissed petitioner's petition for a declaration that the July 27, 2023 elections of the democratic district leaders, chairperson and secretary for the 68th Assembly District, Part A, are null and void, unanimously reversed, on the law, without costs, the petition granted, the elections held at the July 27, 2023 meeting declared null and void, and the New York County Democratic Committee directed to reconvene to fill the open vacancies for committee leadership for the 68th Assembly District, Part A upon notice to the members elected at the June 27, 2023 primary.
In the Democratic primary election held on June 27, 2023, 34 members were elected to the Divisional Committee for the 68th Assembly District-Part A (Divisional Committee). On July 20, 2023, notice of a Divisional Committee meeting was sent to the 34 members of the Divisional Committee who were elected in the June 2022 primary, the year before. Thirteen of these members attended the meeting held on July 27, 2023, and purported to elect two district leaders, a chairperson and a secretary. Petitioner Eddie Gibbs, who was a candidate for assembly district leader, contends that the 2022 members were not authorized to vote and the meeting lacked a quorum under the Rules and Regulations of the New York County Democratic Committee (Party Rules). Respondents assert that the meeting complied with applicable provisions of the Election Law and the Party Rules. We find that petitioner is correct and, accordingly, the elections held at the July 27, 2023, meeting were invalid.
Election Law § 2-112(1)(b) requires every county committee to meet after the June primary for an organizational meeting between September 17th and October 6th. Election Law § 2-112(1)(c) otherwise provides that "[a]ll other committees shall meet within the time specified by party rules." The Party Rules are thus applicable to the organizational meeting held by the Divisional Committee (see Election Law §§ 2-100; 2-114[1]; Matter of Bauman v Fusco, 23 AD2d 404, 405 [1st Dept 1965], affd 16 NY2d 952 [1965]).
Article IV(a) of the Party Rules requires that each Divisional Committee hold an organizing meeting "[w]ithin thirty days after each election of the County Committee." Article IV(b) provides that, at such meeting, the Divisional Committee "shall elect a Chairperson, a Secretary and such other officers as the Committee may determine."
Under Election Law § 2-106(4), county committee members "shall hold office until the next election at which members of the committee are elected." Upon the election of their successors at the primaries, the outgoing members were no longer empowered to "exercise functions in substantial matters" (Matter of Bauman v Fusco, 21 AD2d 470, 472 [1st Dept 1964], citing Matter of Torchin v Cohen, 286 NY 544, 548 [1941]; see also Matter of Auerbach v Suffolk County Comm. of the Conservative [*2]Party of N.Y. State, 159 AD3d 695, 697 [2d Dept 2018]). Accordingly, the notice for the organizing meeting should have been sent to the members elected in the June 2023 primaries, not the outgoing 2022 members.
The parties agree that under the applicable formula, there are 84 members of the County Committee in the 68th Assembly District, Part A (see Party Rules, Article II[1]; see also Election Law § 2-104[1]). The court erred by determining that Election Law § 2-104(3), which requires 25% of county committee members for a quorum, should be read together with Article IV(b) of the Party Rules. Here, the number of members present at the July 2023 meeting was insufficient to constitute a quorum. Article IV(b) provides that a quorum for an organizing meeting is 20% of the Divisional Committee members "required to be elected" in the assembly district part. Since the number required to be elected under the rules is 84, and the correct ratio is 20% of the 84 members required to be elected in Part A, the quorum for the organizing meeting is 17 members.
Respondents did not move to dismiss the petition on the procedural grounds that they raised in response to petitioner's appeal and thus are not properly before us (see Anthony Tranchina Gen. Contr. Corp. v Greco Bros. Ready Mix Concrete Co., 138 AD3d 647, 649 [2d Dept 2016]). Respondents' oral motion to dismiss the petition was insufficient (see Matter of Henshaw v Hildebrand, 191 AD3d 1237, 1238 [4th Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024